## Davis v. Keith *et al.*

Judgment: COSTS: JURISDICTION. Where, in a proceeding to foreclose a mortgage, a junior lien holder was made a party defendant, and he was not notified "that no personal claim was made against him," but judgment was prayed against him for costs, which was accordingly rendered by default, it was *held*, that as the court had jurisdiction, such a judgment, was valid, that its enforcement could not be restrained by injunction, and that his remedy to correct the judgment, if erroneous, was by appeal or motion.

*Appeal from Cedar District Court.*

Monday, December 16.

Plaintiff and appellant seeks to enjoin the collection of a judgment against him for costs, rendered December, 1864. The petition was filed in September, 1866.

From the petition and answer it appears that Wills, for the use of Ryder, obtained a decree foreclosing four mortgages against Horton and wife and said Davis. Davis was notified of the pendency of said action, but had thereby no notice that "no personal claim was made against him." The petition for the foreclosure set out the mortgages made by Horton and wife; that Davis obtained a judgment subsequent to their liens created by the same; sold the lands, bought them in, refused to pay the mortgages; that plaintiff, to save the expense of foreclosing, purchased the title of Davis, obtained a sheriff's deed, and entered into possession; that Davis afterward, and without notice to plaintiff, had this sale set aside, and thus cast a cloud on the title. The prayer is for a foreclosure, that the order setting aside the sheriff's sale be declared null and void, and that plaintiff recover against *defendants* his costs, etc.

Davis made default. The court found the facts substantially as alleged in the petition and after decreeing

a foreclosure, adjudged that Davis pay the costs of said proceeding. In March, 1865, Davis filed his supersedeas bond, setting forth that he had appealed to this court from said judgment for costs.

The case was heard on petition, answer and exhibits, the injunction dissolved, and plaintiff appeals.

*Cloud & Broomhall* for the appellant.

*Thomas Hanna* for the appellees.

WRIGHT, J. — The order dissolving the injunction was clearly right. The notice in the foreclosure proceedings did not notify Davis (the present plaintiff) that no personal claim was made against him. Being duly served he had no right to presume that the plaintiff therein would not demand such relief and such redress as he was entitled to under the case made by his petition. He was bound to take notice of all the matters alleged in the petition. The court thus had jurisdiction, and, beyond all dispute, power to award against him the costs of said proceedings.

Whether the court held correctly, in so ordering, is not now the question, but did it have the power? For if it did, then in the absence of fraud, of which there is no pretense, plaintiff could not, in this method, inquire into the correctness of said judgment.

The case differs very widely from *Standish* v. *Dow et al.* (21 Iowa, 363), as the briefest examination of the facts and the points there ruled will readily show, and the same is true of *Frink & Co.* v. *Whicher* (4 G. Greene, 382), and *Harkins* v. *Edwards & Turner* (1 Iowa, 300), relied upon by appellant's counsel.

The case is affirmed upon the ground that plaintiff was duly served in the foreclosure proceedings. He was thus

affected with notice of all the petition in that case claimed; there was no fraud; the court had the power to thus award the costs, and, if erroneous, injunction is not the proper method of correcting the same. His remedy was by motion or appeal, or both.

Affirmed.