FINCH v. HOLLINGER ET AL.

1. **Practice**: TRIAL: METHOD OF. Under the Code all actions are triable in the District or Circuit Court upon oral evidence, and it devolves upon either or both parties, in order to secure the right of trial *de novo* in an equity action in the Supreme Court, to move for and obtain an order of court for a trial upon written evidence.

2. ———: ———: ———. Whether or not errors should be assigned in an equity action where the appeal is taken from a decision sustaining a demurrer or motion which has the effect of dismissing the action, and a judgment for costs is rendered against the plaintiff, *quære*.

3 **Judgment**: JURISDICTION: COLLATERAL ATTACK. Where a justice rendered a judgment from which an appeal was taken to the Circuit Court where it was held that the justice had no jurisdiction of the subject matter, it was *held* that the Circuit Court acquired jurisdiction by the appeal, and that a judgment rendered therein could not be attacked collaterally and could only be corrected on appeal.

4. **Equity**: RELIEF IN: PLEADING. Equity will not interfere to restrain the enforcement of a judgment at law upon the mere allegation of surprise, nor because a judgment is wrong, unjust and inequitable, in the absence of accident, fraud or mistake. If mistake be alleged as the ground of relief, the facts upon which the claim of mistake is based must be stated.

*Appeal from Hardin Circuit Court.*

SATURDAY, OCTOBER 20.

ACTION in equity to restrain the collection of a judgment at law. The petition states that the defendant, Hollinger, as constable, by virtue of an execution in favor of Findley and against Chaney, levied on certain cattle, and the plaintiff commenced an action before a justice of the peace to recover possession of said cattle, and that they were delivered to him under and by virtue of the writ of replevin issued in said action; that a petition under oath and bond was filed, as provided by law.

On the day set for trial Hollinger, the defendant in said action and this, appeared and filed a demurrer, by "which an issue was presented that said justice had no jurisdiction of the amount claimed in the petition," and that judgment was ren-

dered in favor of plaintiff in that action and this; whereupon the defendant therein sued out a writ of error from the Circuit Court and the cause was thus removed to said court; that at the August term thereof, 1874, "the decision of said justice was reversed and an order made that said cause be remanded with directions to dismiss, and an alternative order or judgment for the return of the cattle or a judgment for $90 was entered; that immediately after said order of the Circuit Court plaintiff tendered said cattle to the defendant, Hollinger, who refused to receive or accept the same; that plaintiff has paid all the costs in the replevin suit; that in January, 1877, said Findley procured an execution on said judgment through fraud and collusion. An injunction is asked restraining any further proceedings under the execution and to restrain the collection of the judgment. An injunction was issued.

To such petition defendants demurred, which being sustained an amendment to the petition was filed, stating "there was no trial of the right, title, ownership or possession of said property, nor were the merits put in issue in said replevin case;" that the only thing put in issue or "determined by the trial in this (Circuit) court was that the justice had no jurisdiction to try said cause, or any of the issues therein;" that the entry made by the Circuit Court, at the time of hearing said writ of error, was as follows: "Judgment reversed; judgment against plaintiff's bond for the value of the property, valued at $90." A copy of the judgment, as entered of record, is attached to and made a part of the amended petition: "That said judgment was erroneously made by mistake and was only intended to preserve the rights of defendant therein, to the end that plaintiff should be compelled to return said property, to be subjected to the execution in the hands of defendant Hollinger, as aforesaid, unless plaintiff took the proper proceedings to determine that said property ought not to be so subjected; that neither the plaintiff nor his attorney had any knowledge of the making of such order; that plaintiff's attorney was present during the entire term at which said writ of error was decided and that the records were not read and approved for the term, and neither plaintiff or his attorney had any knowl-

edge of the character of said order until the execution thereon during the month of January, 1877."

"To the petition as amended the defendant demurred, which being sustained plaintiff excepted, and refusing to plead over and electing to stand on his petition as amended, judgment was rendered against him for costs." There was a second count in the amendment to the petition, which on motion was struck out, to which plaintiff also excepted, and appeals.

*J. H. Scales*, for appellant.

*W. V. Allen*, for appellee.

SEEVERS, J.—I. No errors are assigned, and the appellees insist, as there was no trial on the facts, that although this is 1. PRACTICE: an equity action there is no question this court trial: method of. can try and determine. Under the Revision, this action was triable in the court below by the first method, and in this court *de novo*. *Hackworth v. Zollars*, 30 Iowa, 433. Such was the general rule. Rev., § 2999. Now, under the Code, all actions are triable in the District or Circuit court on oral evidence, and in this court on exceptions and errors duly assigned. Code, § 2741; *Richards v. Hintrager*, 45 Iowa, 253, and numerous other cases. This under the Code is the general rule, and it devolves on either or both parties, by motion in the court below, and the order of such court, to obtain a trial *de novo* in this court in an equity action. No such motion or order was made below. Whether errors should be assigned in an equity action where the appeal is from the decision sustaining a demurrer or motion which has the effect of dismissing the action, and a judgment for costs is rendered against the plaintiff, is an important question of practice which we do not feel called on to determine.

II. It is insisted that the justice had no jurisdiction of the original action, and that the Circuit Court so decided, and that 3. JUDGMENT: said judgment stands in full force; that the jurisdiction: collateral at- judgment rendered therein by the justice, and the tack. whole proceedings, are void. This for the purposes of this case may be conceded, which being done, it is claimed

that the Circuit Court obtained no jurisdiction when the cause was removed on error to that court, and consequently the judgment now sought to be enjoined is void. Is this true, is the important question in the case. Many authorities have been cited by counsel, which, it is strongly urged, conclusively show that if a justice has no jurisdiction of the subject-matter and an appeal is taken from his judgment therein, such appeal does not vest the court to which the cause is taken with jurisdiction. Admitting this to be true, and yet the question in this case has not been solved. The statute provides: "Any person aggrieved by an erroneous decision in a matter of law or other illegality in the proceedings of a justice of the peace, may remove the same, or so much thereof as is necessary, into the Circuit Court for correction." Code, § 3597. It is further provided that the Circuit Court may render final judgment, or remand the cause to the justice for further proceedings. Code, § 3603.

Undoubtedly it was illegal for the justice to render judgment in a cause in which he had no jurisdiction of the subject-matter. The case was therefore properly removed on error to the Circuit Court, and when so removed such court obtained jurisdiction, and without doubt could have reversed the judgment of the justice, and directed him to dismiss the action. Having jurisdiction of the parties and subject-matter, the order or judgment rendered by the Circuit Court might be erroneous, but not void for want of jurisdiction. Freeman on Judgments, Sec. 135; *Craine v. Fulton*, 10 Iowa, 457; *Mason v. Richards*, 12 Iowa, 73; *Davis v. Keith*, 23 Iowa, 419; *Belding v. Torrence*, 39 Iowa, 516; *Granger v. Clark*, 21 Maine, 128; *Cook v. Darling*, 18 Pick., 393. This rule is fundamental, well understood and universally recognized. The judgment rendered by the Circuit Court against plaintiff for $90 being erroneous, at most, it should have been corrected on appeal, and cannot be attacked collaterally or in the present proceedings. That we are not mistaken in holding the judgment to be erroneous, only, receives strong support from the amendment to the petition, if it is not conclusively sustained by the statements therein: When referring to such judgment,

it is there said: "That said judgment was so erroneously made by mistake."

III.  There is no averment tending to show fraud, except that it is stated the execution was issued through fraud and collusion.  If it be admitted this general allegation of fraud is sufficient, it will not entitle plaintiff to have the enforcement of the judgment enjoined, which is asked in the petition. The most he could be entitled to under such allegation would be to enjoin the execution, but this would be of no practical benefit.

IV.  Was the judgment entered by mistake, or has the plaintiff been surprised as to its form and meaning, and can he be relieved in equity?  There is no direct and positive allegation of surprise.  It may be inferred the plaintiff so claims.  In general terms it is alleged the judgment was entered of record by mistake.  Upon what is it based? It requires more than a bare allegation of a mistake before equity can interfere on that ground.  Sufficient must be averred, so the court can see that a mistake has occurred, if the allegation is true.  The facts or grounds on which the mistake is based should be stated.  All that is stated on this subject is that the court at the hearing made the following entry: "judgment reversed, judgment against plaintiff's bond for the property, valued at $90."  By this we understand the judge made such entry on his docket.

*4. EQUITY: relief in: pleading.*

The judgment, as entered of record, is made a part of the petition, and, whatever ambiguity there may be in the judge's entry, there is none in the record.  The practice is for judges to make short and brief entries in their dockets, from which the clerk, under the eye of counsel, makes up the record.  But the judge's entry fully warrants the judgment.  That he intended to render judgment against the plaintiff and his bondsman seems to us to be clear.  Nor can it be said the plaintiff was surprised by the judgment entered of record; for it is recited therein that the parties appeared by their attorneys, and it is stated in the amendment to the petition that plaintiff's attorney was present during the entire term.  It is also stated that plaintiff did not know of the *character* of said order

until January, 1877. As he was properly before the court, and appeared in the action, the plaintiff was bound to know and take notice of any judgment or order that was made therein. *Blanchard v. Ware*, 37 Iowa, 305; *Same v. Same*, 43 Id., 530.

Whether the records were read and approved or not, during the term, is entirely immaterial. The statute on this subject is merely directory. Besides this, it is expressly provided if not practicable to have the records read during the term they may be read and approved at the succeeding term. Code, § 177. In the absence of any showing to the contrary, the strong presumption is that this was done.

The judgment, it is said, is wrong, unjust and inequitable, and there was no trial as to the ownership of the property. This may be admitted, and yet, in the absence of accident, fraud, or mistake, equity cannot interfere. This rule is believed to be the accepted doctrine in all courts. Counsel have cited many authorities showing that the courts of equity have enjoined judgments at law. It is unnecessary to refer to them further than to say that an examination of them will make it clear the equitable interference is based in a greater or less degree on either accident, fraud or mistake, and to which we have added surprise.

V. The judgment rendered by the Circuit Court is as follows: "And now    *    *    the court,    *    *    being advised in the premises, reverses the judgment of the justice's court, and finds for the defendant against the plaintiff for the value of the property, to-wit: the sum of ninety dollars. It is, therefore, ordered and adjudged by the court, and judgment is hereby rendered against the plaintiff, for the said sum of ninety dollars and costs, taxed at $12.60, and execution is awarded therefor, and also against G. Dennis, a surety on the replevin bond."

It is a mistake to say this is an alternative judgment. Nor was the defendant, Hollinger, bound to take the cattle. The tender made, therefore, was immaterial.

VI. The second count in the answer was struck out on

motion, on the ground that it was immaterial and irrelevant. That it is proper to purge pleadings of such matter by motion is practically conceded by counsel. This count is based on the fact that plaintiff has paid judgment in favor of *Findley v. Chaney.* It is stated that plaintiff was not a party to this judgment, and "by reason of the irregularities in the proceedings therein, plaintiff was compelled to pay the sum of $85.10, with costs to defendant on said judgment, and afterward plaintiff re-commenced his action for the value of said cattle so levied upon,      *      *      that said action is pending in the Supreme Court, and, therefore, he cannot plead payment of said judgment without prejudice to said action in the Supreme Court." The irregularities which caused plaintiff to pay said judgment are not stated. As it was not against him he certainly was not bound to pay it, and he seems to have acted as a mere volunteer. Why, or how, such payment should as a matter of law amount to a satisfaction of the present judgment, we are not advised. Certain it is that it was entirely immaterial in the present litigation, and the allegations in reference thereto were properly struck out.

We are strongly impressed that a wrong has been done plaintiff, and if there was any way we could grant him relief in this action, without ignoring and trampling under foot well known and acknowledged legal principles, we should unhesitatingly do so, and much regret we are compelled to refuse it.

AFFIRMED.