## NORTON ET AL. v. KNAPP.

1. **Draft**: ACCEPTANCE OF: WHAT DOES AND DOES NOT CONSTITUTE. If the drawee of a bill of exchange does anything with or to the bill, or writes anything thereon which does not clearly negative an intention to accept it, then he will be charged as an acceptor; but the words, "Kiss my foot," written on the bill by the drawee and signed by him, can have no other meaning than a decided and contemptuous refusal to accept it, and on such words he cannot be holden as an acceptor.

2. **Practice**: COURT NOT BOUND BY ITS OWN RULINGS. A court is not concluded by its ruling on a demurrer from holding otherwise at some subsequent time during the trial, when the same question legitimately arises.

### TUESDAY, JUNE 10.

### *Appeal from Floyd Circuit Court.*

ACTION to recover for property sold and delivered, and on an accepted draft. Judgment for the defendant, and the plaintiffs appeal.

*P. W. Burr*, for appellants.

*Wilbur & Sherwin*, for appellee.

SEEVERS, J.—Because of the statements contained in an amended abstract, we are required to set out the petition, as follows:

*1. DRAFT: acceptance of: what does and does not constitute.*

That the plaintiffs sold and delivered to the defendant, about February 17, 1882, a certain flaxseed-cleaner mill, at the agreed price of eighty dollars, no part of which had been paid, and that the same was then due.

That on or about April, 1882, plaintiffs drew a sight draft on defendant for the agreed price of said mill, which was in words and figures as follows:

"$80. La Cross, Wis., April 18, 1882.

"At sight pay to the order of Exchange Bank of Nora

Springs, Iowa, eighty dollars, value recevied, and charge the same to the account of Miles Knapp, Nora Springs, Ia.

" NORTON & KEELER."

—Which was accepted by said Miles Knapp in written words and figures, on the back thereof, as follows:

" Kiss my foot. MILES KNAPP."

Also alleging that said draft was still the property of plaintiff, due and unpaid, and claiming judgment for eighty dollars, interest and costs.

To the foregoing petition the defendant demurred, on the ground " that the draft set out in the petition does not show a legal acceptance." The demurrer was overruled, and the defendant answered, denying the allegations of the petition, and pleading a special defense as to the flaxseed-cleaner.

The plaintiffs withdrew or dismissed " so much of their cause of action as was based on the sale of the flaxseed-cleaning machine, leaving the draft as their sole cause of action. A jury was impaneled to try the issue joined, and the plaintiff offered in evidence the draft as above set out; to which the defendant objected, on the ground that it had not been accepted by him. This objection was sustained, and the jury, under the direction of the court, found for the defendant, and judgment was rendered on the verdict. The amount in controversy being less than $100, the court has certified certain questions upon which the opinion of this court is desired.

In substance, two of these questions are whether the words, " Kiss my foot," on the back of the draft signed by the drawee, constitute a legal and valid acceptance; and whether such acceptance can be introduced in evidence without showing that it was the intention to accept the draft. The rule upon this subject is thus stated in 1. Parsons on Notes and Bills, 282. " If a bill is presented to a drawee for the purpose of obtaining his acceptance, and he does anything to or with it which does not distinctly indicate that he will not accept, he is held to

be an acceptor, for he has the power, and it is his duty, to put this question beyond all possibility of doubt."

Counsel for the defendant insist that it was held in *Spear v. Pratt*, 2 Hill, 582, that the words, " I will not accept this bill," signed by the defendant, constituted a valid acceptance. As we understand the case, the defendant's name was written " across the face of the bill," and this was held to be sufficient acceptance, on the ground that the request to accept had not been negatived.

The rule we understand to be, if the drawee does anything with or to the bill, or writes thereon anything which does not clearly negative an intention to accept, then he can or will be charged as an acceptor. The question then is, what construction should be placed on the words, "Kiss my foot," written on the bill and signed by him? They cannot be rejected as surplusage. Such language is not ordinarily used in business circles or polite society. But by their use the defendant meant either to accept or refuse to accept the bill. It cannot be that he meant the former; therefore it must have been the latter. It seems quite clear to us that the defendant intended, by the use of the contemptous and vulgar words above stated, to give emphasis to his intention not to accept or have anything to do with the bill or with the plaintiff.

We understand the words in common parlance to mean and express contempt for the person to whom the words are addressed, and, when used as a reply to a request, they imply, and are understood to mean, a decided, unqualified and contemptous refusal to comply with such request. In such sense they were undoubtedly used when the defendant was requested to accept the bill. The question asked upon this point must be answered in the negative. Whether parol evidence is admissable to show the intent of the defendant, we have no occasion to determine, because no such evidence was offered, and our rule is not to determine mere abstract propositions.

II. We are asked whether, having overruled the demurrer, the court could afterward in effect rule otherwise. In other words, is the court concluded by the ruling on the demurrer from holding otherwise at some subsequent time during the trial, when the same question legitimately arises? We think not. No authority has been cited in favor of such proposition. We think the trial court is not conclusively bound by a decision; but that it can and should change its ruling, if satisfied of its error. If thereby a party is taken by surprise, some order should be made which will fully protect the rights of both parties.

*2. PRACTICE: court not bound by its own rulings.*

There were two causes of action stated in the petition, and, as the demurrer was to the whole petition, we should infer that it was overruled for this reason. But the question propounded implies that it was not.

AFFIRMED.