S. W. WING, Appellee, v. DISTRICT TOWNSHIP OF RED OAK *et al.*, Appellants.

Pleading and Practice: FORMER ADJUDICATION. Where the issues presented by the allegations of an answer have been previously adjudicated by the ruling of the court upon a demurrer to the plaintiff's petition, the answer may properly be stricken out on motion.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

MONDAY, MAY 25, 1891.

ACTION of *mandamus* to compel the issuing of an order for the payment of a judgment. From a judgment in favor of the plaintiff, the defendants appeal. *Affirmed.*

*Wolf & Hawley,* for appellants.

*Wheeler & Moffit,* for appellee.

ROBINSON, J.—The original petition in this case was filed in April, 1889, and shows facts substantially as follows: The defendants are the district township of Red Oak, in the county of Cedar and state of Iowa,

and the president, secretary, treasurer and members of
the board of directors of said district. On the first day
of December, 1879, the plaintiff recovered a judgment
against said district upon an order, payable out of its
contingent fund, for the sum of two hundred and thirty-
eight dollars and fifteen cents and costs, which has never
been paid. Since that judgment was rendered there has
never been any money in the contingent fund of the
district available for its payment, and the last estimate
for that fund certified to the board of supervisors was
less than the maximum allowed by law, and all of it will
be necessary to pay the current expenses of the district.
The plaintiff has demanded of the defendants the pay-
ment of his judgment, but it has been refused, and the
electors of said district have neglected and refused to
direct the levy of a tax for such payment. The plaintiff
has, in writing, demanded that the defendants should
certify a sufficient amount to the board of supervisors,
as provided by law, to pay the judgment, but they have
refused to do so. The plaintiff demands a peremptory
order of *mandamus*, commanding said district, by its
proper officers, to issue an order for the payment of said
judgment and costs, with costs of this action, and to
certify to the board of supervisors an estimate for an
amount sufficient for that purpose. The order upon
which the judgment was rendered was issued in March,
1878, and the action thereon in which the judgment was
rendered was commenced in November, 1879. The
plaintiff filed an amendment to his petition, which
showed the following additional facts: In June, 1878,
a person named Little commenced an action against the
treasurer of the district for the purpose of restraining
the payment of the order, and a temporary injunction
for that purpose was issued. In September, 1879, the
district appeared in that action, and filed an answer
asserting the legality of the order, and asking that the
injunction be dissolved. In December of that year the
attorney for the district withdrew the answer and
his appearance. In February, 1880, the district again
intervened, joining the plaintiff Little in asserting the

illegality of the order, and demanded that the judgment
which had then been rendered thereon be canceled, and
that its collection be enjoined.   Wing was make a party
defendant to the petition of intervention of the district,
and in August, 1884, filed an answer thereto.   On the
final hearing, which was not had until the third day
of March, 1887, the plaintiff Little and the intervenor,
the district township, were found not to be entitled to
any relief, and their petitions were dismissed.

To the petition as amended the defendant demurred,
upon the ground "that said petition shows upon its
face that defendants, Alexander Murray, James Smith
and other persons named as defendants, are public
officers, and that the said action is brought for the
enforcement of an official duty against them as public
officers ; and plaintiff's petition shows upon its face
that the remedy sought is barred by the statute of limi-
tations, because it was not brought within three years
of the recovery of the plaintiff's judgment."   This
demurrer was overruled, and the defendants thereafter
filed an answer, which denied that it was the duty of
the board of directors to certify to the board of super-
visors an amount sufficient to pay the judgment, and
denied that the defendants had the right and power to
estimate and return the amount necessary to pay the
judgment, but contained no general denial.   The last
four divisions of the answer are as follows :

"*Fifth.*   Defendants further aver that plaintiff is
not entitled to a peremptory writ of *mandamus*, or any
writ, to compel defendants to estimate or levy funds
for the payment of said judgment, as asked by plaintiff,
for the reason that such relief is barred by the statute
of limitations, more than three years having elapsed
since plaintiff was entitled to proceed, if at all, by
such remedy.   *Sixth.*   In answer to the amendment of
the plaintiff filed pending the first demurrer, defend-
ants say that the plaintiff was never enjoined from pro-
ceeding to the collection of said judgment at any time,
nor were the defendants affected by or restrained by said
injunction, nor did said injunction in any way prevent

the plaintiff from taking the remedy he now seeks.
*Seventh.* Defendants further aver that, in the proceed-
ings in which said judgment was obtained, and which
are fully set out in the petition, the plaintiff, by his own
pleadings and acts, brought about a decision and adjudi-
cation of the court to the effect that neither the district
township, its board of directors or the plaintiff were
bound by the said injunction, and plaintiff is now
estopped from alleging or claiming that he or they were
either of them so affected or restrained. *Eighth.* Defend-
ants further state that, by the pleadings, proceedings.
and records set out in said amendment to his petition
plaintiff is estopped from alleging or claiming that he
was affected by said injunction, and in support of all
such matters of estoppel defendants refer to the plead-
ings and records in the said exhibits and causes set out
in plaintiff's original petition, and the amendment
thereto."

The plaintiff moved to strike from the answer all
portions which pleaded the statute of limitations, and
all matters passed upon by the court in overruling the
demurrer, upon the ground that "such matters and
facts have been adjudicated against the defendants on
the ruling of the court upon the defendants' demurrer
to the plaintiff's amended petition herein, which
demurrer was overruled by the court, and that such
portions of defendants' answer are but a repetition of
matters and facts passed upon in said ruling." The
motion was sustained, and the divisions of the answer
heretofore set out were stricken from the answer. Of
that action, and the subsequent rendition of judgment,.
the appellants complain.

I.  If the issue tendered by those portions of the
answer stricken out were adjudicated in the ruling on
the demurrer, then the ruling on the motion to strike was
correct. *Kissinger v. City of Council Bluffs*, 73 Iowa,
171. By failing to stand on their demurrer, and plead-
ing over, the defendants lost the right to object to any
error the court may have committed in overruling the
demurrer. The appellants contend, however, that the

rule of the case cited applies only when the answer pleads the facts which the demurrer admitted, and that when the answer sets out other facts the rule does not apply. That is undoubtedly true, but we do not think those portions of the answer stricken out pleaded facts which are not shown by the petition. The averments of the petition stand admitted, and nothing to avoid their effect is set out. The effect of the fifth division is to deny that the injunction proceedings instituted by Little were effectual to prevent the running of the statute of limitations. But that question was necessarily raised by the demurrer. The sixth division alleges that the plaintiff was not enjoined from proceeding to collect his judgment, nor from resorting to the remedy he now seeks, and that the defendants were not affected by the injunction proceedings, but the question as to the effect of those proceedings was necessarily raised by the demurrer.

II. The appellant contends that the question of an estoppel was first raised by the seventh and eighth divisions of the answer. It is true it was not raised in terms by the demurrer, but, so far as it was set out in the division named, it was necessarily involved in the decision. The question presented to the court for its determination was whether the facts disclosed by the pleadings showed that as to plaintiff the time during which the injunction was in force was a part of the time limited for the commencement of the action. The court decided the question in the negative, and thus held, in effect, that the plaintiff was entitled to rely upon the injunction as preventing the running of the statute. Whether that decision was correct is a question not presented by this appeal.

We conclude that the ruling of the district court in sustaining the motion to strike was correct. Its judgment is, therefore, AFFIRMED.