E. G. TYLER, Appellant, v. ANDREW COULTHARD, Sheriff.

95   705
117   390

**Exemptions:** AN ABSTRACTER is not a "mechanic" within the meaning of the exemption statutes. Code, 3072. *Davidson v. Sechrist,* 28 Kan. 232, *distinguished.*

**Objection Below.** The objection that there was a waiver by answering over after the overruling of a demurrer, cannot be first raised on appeal. *Kissenger v. City,* 72 Iowa, 171, and *Wing v. Township,* 82 Iowa, 632, *distinguished.*

*Appeal from Harrison District Court.*—HON. A. VAN WAGENEN, Judge.

TUESDAY, OCTOBER 15, 1895.

This is an action for the recovery of certain personal property, or for the value thereof, and for damages for the alleged wrongful and illegal seizure of the same by the defendant sheriff, upon certain executions against the plaintiff. The ground of the action is that the property was exempt from execution. There was a trial by jury, which resulted in a verdict for the plaintiff. A motion for a new trial and in arrest of judgment was sustained, and the petition of the plaintiff was dismissed. The plaintiff appeals.— *Affirmed.*

*J. S. Dewell* and *L. R. Bolter & Sons* for appellant.

*J. W. Barnhart* and *Roadifer & Arthur* for appellee.

Rothrock, J.—The order sustaining the motion in arrest and for a new trial is as follows: "It is hereby ordered that the motion in arrest and for new trial be sustained; and this disposing of the whole matter in controversy, for the reason that the court finds that the property is not exempt, as claimed by the plaintiff, the petition of the plaintiff is hereby dismissed." It will be observed that the order of the court disposed of the case, and that the important question to be determined upon this appeal is whether, as matter of law, the property was liable to execution for the debts of the plaintiff. The property consisted of a set of books known as "abstract books," from which abstracts of the titles of real estate in Harrison county are made up, and also an iron safe, desk, chairs, and a supply of blank abstracts, and other articles used in the office of an abstracter of titles. The plaintiff was the owner of the property, and is a married man and the head of a family, and, before and at the time of the levy, his occupation was

to make abstracts of titles, and he used the books and other property for that purpose.

I.   The sole question is whether the books of an abstracter of title, and the other property used in connection therewith, are exempt under our statute of exemptions, which, so far as it relates to the question under consideration, is as follows: "Code 3072.  If the debtor is a resident of this state and is the head of a family, he may hold exempt from execution the following property: * * * The proper tools, instruments, or books of the debtor if a farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher or professor." If the property in question is exempt under the law, it must appear that the debtor is one of the classes of persons named in the statute.   It is averred in the petition that the plaintiff is a mechanic, and that he habitually earns his living by compiling and arranging and making abstracts of title, and that the property in controversy consists of the necessary tools, books, and instruments by the use of which he obtains a living for himself and family.   It is apparent that the plaintiff does not come within any other class of persons named in the statute.   That proposition is too plain for discussion.   And, in our opinion, there is but little more reason for holding that the occupation of the plaintiff is that of a mechanic.   In the common acceptation of the meaning of the word, to designate an abstracter of titles as a "mechanic" would be regarded, to say the least, as a very inaccurate form of speech.   A mechanic is defined by Webster to be "one who works with machines or instruments; a workman or laborer other than agricultural; an artisan; an artificer; more specifically one who practices any mechanic art; one skilled or employed in shaping and uniting materials, as wood, metal, etc., into any kind of structure, machine, or other object requiring the use of tools or instruments."

It is true, as claimed by counsel for appellant, that courts construe exemption statutes liberally, to the end that they may be carried out in their object and spirit. We need not cite the numerous cases decided by this court in which that principle is announced. But we are aware of no authority for carrying this rule to the extent of adding an exempted class of persons to those enumerated in the statute. Appellant relies very much upon the case of *Davidson v. Sechist,* 28 Kan. 232. But the statute of Kansas exempts the necessary tools and instruments of any mechanic, miner, "or other person" "used in his trade or business." That statute, by the general term "other persons," includes all kinds of occupations, and the decision in that case did not include a class of persons not named in the statute. It appears to us it is not necessary to further consider this question.

II. All of the proceedings in this case were had before the same judge. There was a demurrer to the petition, which raised the question that the property in controversy was not exempt from execution. The demurrer was overruled, and an exception was entered of record. Two days after the demurrer was overruled, an answer was filed, and in one ground of defense the defendant raised the same question. The case was then tried to a jury, and, at the close of the introduction of the evidence, the defendant moved the court to instruct the jury to return a verdict for defendant, on the ground that the property was not exempt from execution. This motion was overruled, and the court instructed the jury that the property was exempt. It is strenuously contended in behalf of appellant that, when the defendant pleaded over after his demurrer was sustained, the ground of demurrer was abandoned and adjudicated, and that the question could not again be presented in the

form of an answer. Much of the argument of counsel is devoted to this question, and reliance is especially placed upon the cases of *Kissinger v. City of Council Bluffs*, 73 Iowa, 171 (34 N. W. Rep. 801), and *Wing v. District Tp. of Red Oak*, 82 Iowa, 632 (48 N. W. Rep. 977). In both of these cases the defendant was appellant, and, after the demurrer to the petition was overruled, there was an answer over, and the plaintiff attacked the answer on the ground that the question raised thereby had been determined on demurrer. From a ruling on the demurrer or motion to strike from the answer, the defendant appealed. Other decisions of this court are cited as sustaining the contention of plaintiff, but they were cases where the question of pleading was raised in the court below. In the case at bar no objection appears to have been made to the answer by demurrer, motion, or otherwise. The case went to trial upon the answer, and the question of the ruling on the demurrer was in effect waived. We discover no reason why it was not competent for the court, under the state of the pleadings, to change his rulings upon the pleadings at any time during the pendency of the action. That such a course of procedure is not error, see *Standish v. Dow*, 21 Iowa, 363; *Jenkins v. Shields*, 36 Iowa, 526; and *Norton v. Knapp*, 64 Iowa, 112 (19 N. W. Rep. 867). The case demands no further elaboration, and the judgment of the district court is *affirmed*.