## The Des Moines Ice Company v. The Niagara Fire Insurance Company, Appellant.

**Insurance:** EVIDENCE OF VALUE: *Construction of statute.* An action on an insurance policy covering an ice house, the whole of which was destroyed, except a small part of the roof which had been previously removed, in which action the policy was put in evidence, should not be dismissed at the close of plaintiff's argument, because he has not shown the value of the building, for McClain's Code, section 1734, provides that the amounts stated in the policy shall be received as *prima fi. cie* evidence of the value, but that defendants shall be liable only for the actual value, and that the insured need prove only the loss of the building, and written notice thereof. If the removal of the roof lessened the value, this was matter for defense.

INCREASE OF HAZARD. Starting a fire near an insured building, for the purpose of burning up some rubbish, from which fire was communicated to the building, is not such an increase of the risk or hazard as will avoid the insurance, where there was no design to burn the building.

OWNERSHIP: *Building joined by party wall.* An insurance policy on one of two ice houses separated by a party wall, is not invalid on the ground that the entire building did not belong to the insured.

VACANCY—ICE HOUSE: *Jury question.* An ice house is not, as a matter of law, "vacant or unoccupied" within the provision of an insurance policy, because there is nothing therein at the time it burned in October, except the tools used in putting up ice, and a small quantity of unmerchantable ice.

**Demurrer and Reply:** PLEADING AND PRACTICE. A demurrer to so much of an answer as sets up a breach of condition in an insurance policy does not raise the same question as a reply filed after its overruling, which reply avers that the answer does not state the condition truly; and it should not be stricken out though the petition exhibited a copy of the policy.

*Appeal from Polk District Court.*—Hon. S. F. Balliett, Judge.

Thursday, October 15, 1896.

Action at law upon a policy of insurance against loss by fire. There was a trial by jury, verdict and judgment for the plaintiff, and defendant appeals.— *Affirmed.*

*R. W. Barger* for appellant.

*Cummins & Wright* for appellee.

Rothrock, C. J.—I. The policy of insurance upon which the action is founded, was issued by the defendant to the plaintiff on the eleventh day of April, 1891. The property insured was an ice house on the shore of Lost Island Lake, in Palo Alto county, in this state. The insurance was for one year, and for the sum of one thousand dollars. The ice house was destroyed by fire on the fifteenth of October, 1891. The defendant, by its answer, admitted the issuing of the policy, and the receipt of notice and proofs of loss. One defense interposed by the answer was as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if a building herein described be or become vacant or unoccupied, and so remain for ten days;" and defendant avers that at the time of the alleged loss, and for more than sixty days prior thereto, said building was vacant or unoccupied, without any agreement whatever

therefor by defendant.  The plaintiff demurred to this division of the answer, and the demurrer was overruled.  Afterwards the plaintiff filed a reply to the answer, in which the following facts were pleaded:  "Plaintiff denies that the insurance policy referred to in said paragraph, contains the clause set out in said paragraph, but says that said policy does contain the following provision:  'The entire policy shall, unless otherwise provided by agreement indorsed hereon, be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days;' all of which will more fully appear by reference to a copy of said policy attached to the original petition herein, which is made a part hereof, and plaintiff says that by said policy there was insured a frame ice house building, as will appear by reference to said policy, which said frame ice house building was never intended for occupancy, either by owner, tenant, or any one else; that the fact that it was not so intended for occupancy was well known to said defendant and all its officers and agents, both at the time said policy was issued, and at all times thereafter.  And plaintiff says that because of said facts it is wholly immaterial whether said building was so vacant at any time, for that said clause in reference to vacancy, never had any reference to said insured property."  The defendant moved to strike out the part of the reply above set out, on the ground that the matters therein stated were merely a repetition of the ground of demurrer to the fourth division of the answer.  The motion was overruled.  It is contended on behalf of appellant that this ruling was error, because the question as to the occupancy or vacancy of the building was determined by the ruling on the demurrer.  We have set out that part of the answer to which the demurrer was directed,

and also the reply, for the reason that it is apparent therefrom that the position of counsel for appellant is not well taken. That part of the answer which was demurred to omitted the clause which related to occupancy by the owner or tenant. The same question was not presented by the demurrer and the reply. It is thought by counsel that because a copy of the policy was exhibited with the petition, and was part thereof, the issues presented were identical. If counsel desired to make the question he now presents, he should have correctly set out that part of the policy in his answer. The case is not within the rule announced in *Wing v. District Township*, 82 Iowa, 632 (48 N. W. Rep. 977), cited by counsel for appellant.

II. The plaintiff proved the destruction of the building by fire, except a small part of the roof, which was removed before the fire, and on the same day. It is said that the whole building did not belong to the plantiff. This is a mistake of fact. There were two ice houses, separated by a party wall. The policy of the insurance was on one of the houses, and it was owned by the plaintiff. The fact that another building adjoined the one insured by this policy, was a matter of no consequence in this controversy. It is said that when the plaintiff closed the introduction of its evidence, there was no showing of the value of the building which was insured; and it appears that the defendant presented a motion to the court to direct a verdict for the defendant. The motion was overruled, and the ruling was right. Section 1734, of McClain's Code, is in these words: "In any suit or action, brought in any court in this state on any policy of insurance, against the company or association issuing the policy sued upon, in case of the loss of any building so insured the amount stated in the policy shall be received as *prima*

*facie* evidence of insurable value of the property at the date of the policy; *provided*, nothing herein shall be construed to prevent the insurance company or association from showing the actual value at the date of the policy, and any depreciation in the value thereof before the loss occurred; *provided, further*, such insurance company or association shall be liable for the actual value of the property insured at the date of the loss, unless such value exceeds the amount stated in the policy, and, in order to maintain his action on the policy, it shall only be necessary for the insured to prove the loss of the building insured, and that he has given the company or association notice, in writing, of such loss." It does not appear what evidence was introduced by the defendant under the *provisos* in this statute. The court instructed the jury that, if the plaintiff was entitled to recover the value of that part of the roof which had been removed, it should not be included in estimating the loss. In view of that instruction, and the further fact that the verdict of the jury was for four hundred and thirty-one dollars, being less than one-half of the amount of the insurance, and no question is made that the verdict was excessive, the contention that a verdict should have been directed for the defendant, and the argument in support thereof, is well answered by the plain and explicit language of the statute. It is true, a small part of the roof had been removed, and it was the right of the defendant to show the value thereof as depreciating the value of the building. And we infer from the record, the argument of counsel for appellant, and the charge of the court, to the jury, that the value of the boards removed from the roof was fully established. The claim of counsel for appellant that the plaintiff should have shown by evidence the value at the time of the loss, because property depreciates in value by lapse of

time, is founded upon an erroneous construction of the statute. Nothing can be plainer than that, under the law, the burden was on the defendant to show that the property was not worth the amount for which it was insured.

III. At the close of the introduction of all of the evidence another motion was made by the defendant for the direction of a verdict against the plaintiff. Complaint is made because this motion was overruled. One ground of the motion was that the evidence showed as matter of fact that the building at the time of its destruction, and for more than ten days prior thereto, had been vacant or unoccupied. It will be observed that by overruling the demurrer to the petition and refusing to strike the reply from the files, the court was of opinion that the question of vacancy or occupancy depended upon the evidence of the use or non-use of the building, and that it was a fact to be determined by the jury. The plaintiff contended, on the one hand, that the building was used and occupied, and the defendant insisted that there was and could be no such use or occupancy of an ice house in the month of October as that contemplated by the policy. The evidence tended to show that the building was erected prior to the ice harvest in the year 1889–90. After it was filled with ice, the defendant sent its agent to examine the building, and it insured the same for one thousand dollars for one year. After that policy expired, the insurance was renewed by the issuance of the policy in suit. No ice was stored in the building during the winter of 1890–91, for the reason that the ice in the lake was not of a good quality. Ice was sold by the plaintiff from the building in the year 1890 and in the spring of 1891. At the time of the fire there was yet a small quantity of ice in store, but it was not merchantable. All of the tools used in putting up ice were stored in

the building, and remained there until it was burned
The plaintiff offered the building for sale, and did not
succeed in finding a purchaser; and one or two days
before the fire the conclusion was reached to tear the
building down, and dispose of the lumber.   We have
stated some of the evidence for the purpose of show-
ing that the court correctly overruled the motion to
direct a verdict.   It was a proper question to submit
to the jury whether the building was vacant or unoc-
cupied for ten days before it was burned.   The defend-
ant's counsel appears to be of opinion that the storing
of the tools in the building was not sufficient to
show occupancy and use.   This would probably be
correct if the building was one intended for physical
occupancy.   The form of the policy in suit was
intended to be used to insure all kinds of buildings.
But it is apparent that it was not understood that an
ice house should be occupied by the owner, or a ten-
ant, in the sense that a dwelling house, a barn, or a
mill, or manufactory is occupied.   Courts and juries
are supposed to take notice that ice is stored in win-
ter.   The fact that there was no merchantable ice in
the house in October is no evidence that the building
was unoccupied or vacant.   If the defendant had
inserted a clause in its policy that the insurance
should be binding only when the house was full of
ice, there might be some plausibility in the claim it
now makes.   But no owner of such a building would
accept such a policy.   It should be presumed that the
defendant understood that the ice house would prob-
ably be empty in October, and in that sense would be
both vacant and unoccupied.   It is earnestly con-
tended by counsel for the plaintiff that the clause of
the policy under consideration has no application
whatever to the risk insured by the policy.   We do
not determine that question.   But we think that the
defendant has no just ground of complaint, because

the court submitted the question to the jury with instructions as to the nature of the risk, the character of the building, the purpose for which it was used, and the time of year in which it was burned, and other facts proper to be considered in determining the question. Counsel for defendant attach importance to the fact that the defendant offered the building for sale. That in no manner affected the question of occupancy. It would be a startling doctrine for courts to promulgate that offering an insured building for sale would avoid an insurance policy. The desire to sell in no manner affected the question. The building was in the identical condition as to occupancy up to the day before it was burned, that it would have been if the defendant had intended to fill it with ice the next winter. The views we have here expressed find support in the following authorities: Wood, Ins. 209; *Caraher v. Insurance Co.* (Sup.) 17 N. Y. Supp. 858; *Williams v. Insurance Co.*, 24 Fed. Rep. 625; *Whitney v. Insurance Co.*, 72 N. Y. 117; *Alkan v. Insurance Co.*, 53 Wis. 136 (10 N. W. Rep. 91); *Fritz v. Insurance Co.* (Mich.) (44 N. W. Rep. 139). See, also, *Limburg v. Insurance Co.*, 90 Iowa, 709 (57 N. W. Rep. 626).

IV. It appears that the president of the plaintiff company commenced to take down the ice houses in the morning. He was aided by several employes. During the forenoon he started a fire in or near one of the buildings for the purpose of burning up some rubbish, or debris, and while away from the building at noon the fire escaped, or spread so that it communicated with the insured building and destroyed it. It is urged that this was an increase of the risk or hazard, which avoided the insurance. The policy provided that it should be void "if the hazard be increased by any means within the control or knowledge of the assured." It has long been well settled that the mere negligence of the assured is not a defense

to an action upon a policy of insurance.    In *Insurance Co. v. Lawrence*, 10 Pet. 507, it was said:    "In relation to insurance against fire on land, the doctrine seems to have prevailed for a great length of time that they cover losses occasioned by the mere faults and negligence of the assured and his servants unaffected by any fraud or design."    See, also, *Mickey v. Insurance Co.*, 35 Iowa, 174, and cases there cited.    It is not claimed that there was any design to burn the building by setting out the fire, and the evidence shows that care was taken to prevent its spread before leaving the building for the noon hour.    It is thought by counsel that the case is within the doctrine announced in *Davis v. Insurance Co.*, 81 Iowa, 496 (46 N. W. Rep. 1073).    We do not concur in that view.    That was an action to recover on a policy for the insurance of corn in a crib.    There were other cribs of corn in close proximity to the insured corn.    The assured caused a corn sheller, operated by steam, to be brought and operated quite near the insured crib, and the fire originated from and was caused by the use of the steam engine, in dangerous proximity to the insured property.    It was held that this increased the hazard.    The distinction between that case and this is obvious.    That was the setting up of a business in dangerous proximity to the insured property.    It does not appear how long the operation of the engine was carried on before the property was destroyed.    If the owners of property always used the highest degree of care to protect insured buildings from fire, insurance companies would have but little business; and, if it were permissible to set up a defense in every case where negligence could be shown in burning rubbish, failing to protect flues, and generally guarding against the possibility of the destruction of property by fire, an insurance policy would be of but little value.

There are other alleged errors discussed by counsel which we do not believe to be of sufficient importance for special consideration. This whole record impresses one with the fact that this was an honest loss, that ought to have been paid years ago, and that the defense to the action is without merit, and founded upon the merest technicalities. The judgment of the district court is AFFIRMED.