M. H. KING, Appellant, v. G. A. NELSON, *et al.*

**Chattel Mortgages:** DECREE OF FORECLOSURE: COLLATERAL ATTACK.
1    A decree directing sale under special execution of property covered by a chattel mortgage in another county cannot be collaterally attacked, even though the mortgage provides for a sale in the home county.

**Special Execution:** ISSUANCE OF. On the foreclosure of a chattel
2    mortgage, where the petition states the requisite facts, the decree may direct the issuance of a special execution for any part of the property wherever located in the state.

**Pleadings:** ALLEGATIONS OF FRAUD. In an action to recover for
3    property sold on execution as claimed in the wrong county, allegations of fraud in procuring the judgment should, on motion, be stricken out.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, MAY 23, 1903.

THE plaintiff gave a chattel mortgage to the German Savings Bank of Des Moines upon property partly in Des Moines and partly in Louisa county. The mortgage stipulated for the usual foreclosure and sale by the mortgagor upon notice, and also for any other lawful method of foreclosure. The mortgage contained the following: "It is further agreed that the sale above provided for shall take place in any place within the city of Des Moines, or county of Polk, that may be determined upon by the German Savings Bank, by giving at least ten days' notice thereof, by posting up written notices in three public places in said county; and the said M. H. King further authorizes the persons conducting said sale to adjourn the same if being in his opinion necessary from time to time until such property be sold." King was a resident of Des Moines,

and the mortgage was foreclosured in the district court of Polk county upon proper notice and default; the decree providing that a special execution issue to Louisa county for the sale of the property located there, and that a special execution issue for the sale of the property located in Polk county. The Louisa county property was sold there under the special execution issued for that purpose, and this action was brought to recover its value because of its sale there instead of in Polk county. A demurrer to the first count of the petition was sustained. The plaintiff elected to stand upon his pleading, and judgment was rendered against him. There were also rulings on a motion to strike and on a motion to make specific, adverse to the plaintiff, from all of which he appeals.—*Affirmed.*

*C. C. Cole* for appellant.

*Dowell & Parrish* for appellees.

SHERWIN, J.—It is contended that the bank or its assignee had no right, under the mortgage or under the decree in the foreclosure case, to sell any part of the property in Louisa county. The mortgage may fairly and naturally be construed to provide for the sale of the property in Polk county only in the event of its foreclosure by the mortgagee by notice and sale, without the intervention of the courts. But, however this may be, the jurisdiction of the district court in the foreclosure proceedings is unquestioned, and its decree therein, though unauthorized ᴺᴼᴿᴱᶜᴸᴼˢᵁᴿᴱ by the terms of the contract between the parties, must stand as an adjudication binding upon all parties until set aside or modified by direct proceedings. It cannot be collaterally assailed. *Finch v. Hollinger,* 47 Iowa, 173; *Moore v. Jeffers,* 53 Iowa, 202.

The argument that the decree authorizing an execution to issue to Louisa county was of no force, because of sec-

tion 3955 of the Code, is not sound.  That *section relates*
2. SPECIAL exe-  only to general executions.   In the forecloscution; issuance of.      ure case against the plaintiff, it was decreed
that the mortgaged property be first exhausted for the
satisfaction of his debt; and this was in strict accord with
the terms of section 3772 of the Code, which provides that,
"where any other than a general execution of the common
form is required, the party must state in his pleading the
facts entitling him thereto, and the judgment may be
entered in accordance with the finding of the court or jury
thereon." Surely the pleading in the .foreclosure of a
mortgage covering specific personal property would state
the facts entitling the plaintiff to a special execution
under this statute, and, if it did, the plaintiff therein had
the right to ask, and it was the duty of the court to decree,
that a special execution issue for any part of the property,
no matter where it was located within the state.   This is
clearly not a case founded upon a malicious prosecution,
and the authorities cited by the appellant dealing with
such cases are not in point.

The averments of the petition relative to the statements of counsel in the foreclosure case, by which the
plaintiff herein claims to have been misled, were properly
3. PLEADINGS:  stricken.  They could have no bearing upon
allegation of
fraud.         the case, except to show fraud in procuring
that judgment, and that question could not be investigated
in this case.   The motion for a more specific statement
was, in our judgment, sufficiently specific.   It seems to
meet the exact requirements of the statute.

The demurrer and the motions were rightly sustained,
and the judgment is AFFIRMED.

BISHOP, C. J., taking no part.