## AUSTIN ET AL. V. BARRETT.

1. **Tax Deed:** STATUTE OF LIMITATION: FRAUD. An action by a tenant in common to recover possession of the common property which is fraudulently held by his co-tenant and to which the latter has acquired a tax deed, is not barred at the expiration of five years from the recording of the deed.

2. ———: GRANTEE OF CO-TENANT. The grantee of a tenant in common is charged with the same duties and obligations toward the latter's co-tenants as his grantor, and like him cannot divest their interests by acquiring a tax deed to the common property.

3. **Tenant in Common:** DISSEIZIN. The rule that a tenant in common is not liable to his co-tenants for rents and profits of the land received by him, unless he has received more than his share, does not apply where he disseizes his co-tenants.

4. ———: ———: IMPROVEMENTS. Nor, in such case, is he entitled to contribution from his co-tenants for any improvements he may have put upon the land.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 21.

THE plaintiffs claim to be the owners of the undivided one-half of 40 acres of land. It is alleged that Jesse Austin, who died intestate in 1862, was at his death the owner in fee simple of said premises, and that one John Wilson was at that time in possession of the land, and so continued until 1867; that in 1863 Lewis S. Austin, one of the heirs of Jesse Austin, conveyed his interest, being an undivided one-tenth, to said Wilson; that while Wilson was in possession of said premises, and after the said conveyance to him of the said tenth part, and in October, 1864, he purchased the whole of said land at a tax sale for the delinquent taxes of the year 1863; that it was

the duty of said Wilson to pay said taxes, and that he omitted to pay the same for the express purpose of permitting said land to be sold for taxes to the end that he might become the purchaser, and thus cheat and defraud the other owners; that none of the other owners were residents of Iowa in 1863 and 1864, and that Wilson had in his hands a sum of money more than sufficient to pay said taxes which belonged to the other owners, the same being the proceeds of the rents and profits of said land.

It is further averred that in April, 1867, Wilson sold and conveyed his interest in the land to the defendant, Barrett, and also assigned to him the certificate made in pursuance of said tax sale; that defendant, Barrett, on the 3rd day of October, 1867, presented said tax sale certificate to the county treasurer and received a treasurer's deed for the whole of said land, and caused the same to be duly recorded; that at the time Barrett purchased of Wilson he entered into the possession of said land, and he has ever since enjoyed the rents and profits thereof, amounting to $100 per year, the whole of which has been retained by him; that said Barrett claims to own and control the whole of said land to the entire exclusion of the plaintiffs, and refuses to account to plaintiffs for said rents and profits. The prayer of the petition is that said tax deed be set aside and declared void as to the plaintiffs, and that an account be taken of the rents and profits, and defendant be ordered and adjudged to pay plaintiffs their portion thereof.

The answer, in substance, is that the rental value of said land was merely nominal, for the reason that it was low and wet and the greater part of it unbroken; that Wilson was unable to raise crops thereon; that in April, 1867, Wilson represented to defendant that he held, by purchase, three interests in the land, and that there were three other interests, and that the land had been sold for taxes, that he had bought it in, and would be entitled to a deed in October, 1867; that on the faith of such representations defendant purchased the land of Wilson, paying him full value therefor; that defendant took his tax deed in 1867, and had to redeem it from tax sale

for the taxes of·the years 1864, 1865 and 1866, and has since expended $300 in improvements on said land, and paid all taxes; that he and his grantor have been in possession of said land since 1862; that said tax deed was recorded in October, 1867, and that plaintiffs are barred by the statute of limitations, the tax deed having been recorded more than five years before the commencement of this suit.

There was trial by the court and a decree for plaintiffs, setting aside the tax deed, and an account was taken of rents and profits and, taxes, etc., and it was adjudged that defendant should pay plaintiffs an aggregate of $138.78 and the costs, and defendant appeals.

*Crookham & Lacey*, for appellant.

*M. E. Cutts*, for appellees.

ROTHROCK, J.—I. It is well settled that one tenant in common cannot purchase an outstanding incumbrance, and after it matures into a title set it up against his co-tenant. This principle has become elementary and it is not necessary to cite authorities to sustain it. It is claimed by counsel for appellant, however, that this action will not lie because it was not commenced within five years after the recording of the tax deed. The ready answer to this is, that no attack is made upon the validity of the tax sale.

1. TAX DEED: statute of limitation: fraud.

This action stands upon ground independent of the validity of the tax sale proceedings. As is said in *McMahon v. McGraw*, 26 Wis., 614, a case involving the same question: "We are satisfied that the plaintiff's rights are not controlled by this statute; it is applicable to actions brought to recover lands sold for taxes which involve the validity of the sales; but that is not the case here. The real ground of the plaintiff's right to recover, notwithstanding the tax deed, is the fraud of the defendant in attempting to acquire a tax-title against her while the fiduciary relation of principal and agent existed between them."

II. It is next claimed by counsel for defendant that, as

Wilson purchased the undivided one-tenth of the land in 2. ——: grantee of co-tenant. December, 1863, there was no duty resting upon him to pay the taxes for that year, and where no duty is imposed to pay the taxes a tax-title may be acquired. This, no doubt, would be true as between Wilson and his grantor. But as between Wilson and the plaintiffs there were the same duties and obligations as between the plaintiffs and Wilson's grantor. Wilson merely acquired an interest in the common property, and could do no act to divest the interests of the plaintiffs, that his grantor could not do. Neither is it always true, that, to prohibit a party from obtaining a valid tax-title, he must be charged with an absolute duty or obligation to pay the taxes. *Fair v. Brown*, 40 Iowa, 209; *Garrettson v. Scofield, ante*, 35. The defendant occupies no better position than Wilson. The evidence shows that he bought with full knowledge of plaintiffs' rights, and that he relied on the tax sale as the means of extinguishing their title.

III. It is insisted that the court erred in its findings as to the amount of rents and profits due the plaintiffs. This suit 3. TENANT in common: disseizin. was commenced in 1875, and plaintiffs were entitled to their share of rents and profits up to, and including the year 1874. The defendant intended, by taking the tax title, to extinguish the title of plaintiffs. In 1870, one of the plaintiffs offered to pay the defendant what money he had paid out for taxes and all other expenses he had incurred, on the land. The money was produced and counted to the amount of two hundred dollars. Defendant refused to take the money, or make any settlement, on the ground that he had a good title to the land.

These acts constituted defendant a disseizor of his co-tenants, and he became liable to pay the yearly rental value regardless of the profits he may have made from the land. *Sears v. Sellew*, 28 Iowa, 501.

IV. It is further claimed that defendant should be allowed for improvements on the land. As the defendant was a dis- 4. ——: ——: improvements. seizor wrongfully holding possession, and not only this, but denying and attempting to destroy the plaintiffs' title, he is not entitled to contribution from plain-

tiffs for improvements.   This seems to be well settled by authority.   *Munford v. Brown*, 6 Cowan, 475; *Doane v. Badger*, 12 Mass., 64; *Deck's Appeal*, 57 Penn. St., 467; *Stevens v. Thompson*, 17 N. H., 103.

Adopting the above views as to the rights of the parties, in our opinion the amount found by the court to be due plaintiffs is fully sustained by the evidence.          AFFIRMED.

SEEVERS, CH. J., having been of counsel in this case took no part in its determination.