LOWRIE, BOWMAN & BOYER v. RYLAND & TROUTMAN ET AL.

1. **Will:** CONSTRUCTION: LIFE-ESTATE OR FEE-SIMPLE. The following language used in a will: "I will, devise and bequeath all the residue of my estate to my wife, Cynthia A. T.; that is to say, subject to the payment of my debts, and the legacies heretofore named to the children of my first wife, Hannah T., deceased. I give and devise to my present wife, Cynthia A., all my estate, and all of which I may die seized or possessed, to be by her held, owned and possessed during her natural life; and at her death it is my will, wish and desire that it shall descend to her own children, S. S. T. and A. T., share and share alike; and I hereby will and bequeath it to them, subject to the devise hereinbefore made to my said wife, Cynthia A., and subject to all just rights by virtue of such devise,"—*held* to give to Cynthia A. only a life-estate in the property.

    *Appeal from Van Buren Circuit Court.*

                    FRIDAY, MARCH 20.

THE plaintiffs brought this, their action in attachment, against the defendants Ryland & Troutman, and levied upon certain real estate in the town of Bonaparte, Van Buren county. Cynthia A. Troutman intervened, claiming to be the owner in fee-simple of the property levied on. Her claim, as shown by her petition, was based upon the will of her deceased husband, G. W. Troutman, who died seized of the property in question. The plaintiffs demurred to her petition in intervention, and the court sustained the demurrer. She elected to stand upon her petition, and judgment was rendered against her. She appeals.

*Lea, Wherry & Walker*, for appellant.

*Craig, Collier & Craig* and *G. W. Adams*, for appellees.

ADAMS, J.—The question presented is as to the construction which should be placed upon G. W. Troutman's will. The intervenor was made a devisee, and it is conceded that under the will she took an interest in the property, and the question presented is as to whether she took a life-estate or a title in fee-simple. She contends that she took a title in fee-simple. The part of the will upon which it is necessary to put a construction is in these words: "I will, devise and bequeath all the residue of my estate to my wife, Cynthia A. Troutman; that is to say, subject to the payment of my debts, and the legacies hereinbefore named to the children or heirs of my first wife, Hannah Troutman, deceased. I give and devise to my present wife, Cynthia A., all my estate, and all of which I may die seized or possessed, to be by her held, owned and possessed during her natural life; and at her death it is my will, wish and desire that it shall descend to her own children, Stephen Scott Troutman and Albert Troutman, share and share alike; and I hereby will and bequeath it to them, subject to the devise hereinbefore made to my said wife, Cynthia A., and subject to all her just rights by virtue of such devise."

The words, " I will, devise and bequeath all the residue of my estate to my wife, Cynthia A. Troutman," would, if taken alone, be sufficient to give her a fee-simple title. We say further that if these words could have no other meaning, we might feel constrained to give them that meaning, notwithstanding the qualifying words which follow. It has been held, for instance, that where the first taker has power to dispose of the property, he must be considered the absolute owner, notwithstanding any provision there may be for a limitation over. The power to dispose of the property is inconsistent with any other than an absolute ownership. But the words, " I will, devise and bequeath," might give a qualified ownership, and will be held as giving only such, if the context is such as to show that such was the testator's intent. In the case at bar, the testator seemed desirous of providing that the devisee should not have power to dispose of the property. It was given to her to be " held, owned and possessed during her natural life." It is true that these words are followed by a provision that the property shall at her death *descend* to her children, and strictly, if she took only a life-estate, nothing could at the time of her death descend to her children. But it is manifest, taking the will all together, that the testator did not use the word " descend " with technical accuracy, meaning, doubtless, merely that at the death of his wife the right of possession and enjoyment should pass to the children, and their ownership should then become unqualified.

We reach the conclusion, then, that none of the words used are necessarily inconsistent with the idea that the testator's intention was to give his wife a life-estate. This being so, we are at liberty to give full force to the provision whereby the testator devised the property to his children, subject to the devise made to his wife. We think that her petition in intervention failed to show that she was the owner in fee-simple, as she claimed to be, and that the demurrer was properly sustained.                    AFFIRMED.