Knapp & Spalding Co. v. Barnard & Co.

## KNAPP & SPALDING CO. V. BARNARD & CO.

1. **Attachment:** OF STOCK OF GOODS: DAMAGES: EVIDENCE. On the question of damages for the wrongful seizure and detention of a stock of goods upon a writ of attachment, *held* that it was proper to allow the attachment defendant to show that some of the goods were salable only at certain seasons, and that, in consequence of the proper season for that year having passed, some of the goods would have to be carried in stock until the next year.

2. ———: ———: ———: ———. In such case it was proper to allow an expert to state what the damage would be by reason of the goods having been made unsalable for that season. The rule that the measure of damages was the difference between the market value of the goods when seized and their value at the date of trial does not apply in such a case.

3. ———: COUNTER-CLAIM FOR WRONGFUL SUING OUT: PLEADING: WAIVER OF DEFECT. In a counter-claim for the wrongful suing out of an attachment, the defendants failed to allege that the damages which they claimed to have sustained thereby had not been paid, and there was no evidence on that point, and the question of payment was not in any manner raised, but damages were allowed them. But plaintiff's contention was that the writ was not wrongfully sued out, and that defendants were not entitled to recover any damages on that account. *Held* that, under these circumstances, plaintiffs should be regarded as having waived the right to take advantage of the defect in defendants' pleading. (See opinion for cases distinguished.)

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 8, 1889.

ACTION aided by attachment to recover a balance due on account for merchandise sold by plaintiff to defendants. The defendants admit the account of plaintiff, but seek to recover actual and exemplary damages for the alleged wrongful and malicious suing out of the writ of attachment. There was a trial by jury, and a verdict and judgment for a part of the amount plaintiff claimed. Plaintiff appeals.

*John N. Weaver*, for appellant.

*Wm. Hutchinson* and *Joy, Hudson & Joy*, for appellees.

ROBINSON, J.—It is conceded that the balance due plaintiff on its account was six hundred and ninety-three dollars. The jury allowed defendants four hundred and thirteen dollars as actual, and thirty-eight dollars as exemplary, damages; fixing the amount of plaintiff's recovery at two hundred and forty-two dollars.

I. The jury found specially that each of the three grounds for an attachment, alleged in the petition, was untrue, and that plaintiff had no reasonable ground for believing it to be true when the attachment was sued out. Appellant insists that the special findings and verdict are not sustained by the evidence. That we have read with care, and conclude that it is sufficient. Although the evidence as to malice is somewhat meager, yet we are of the opinion that it may have been found from certain facts which some of the evidence tended to prove.

II. The property taken under the writ of attachment constituted a part of the retail stock of hardware. It seems to have been held under the writ from the seventh day of July, 1888, until the trial in the court below, which commenced on the first day of the next October. Defendants were permitted to show, against the objection of plaintiff, that some of the goods were salable only at certain seasons, and that, in consequence of the proper season of 1888 having passed, some of the goods would have to be carried in stock until the next year. In this there was no error. The evidence objected to was material and proper to show something of the causes and extent of the depreciation in the value of the goods.

1. ATTACHMENT: of stock of goods: damages: evidence.

III. A witness for defendants was asked to state what the damage would be by reason of the goods having been made unsalable for that season, and was permitted to answer. Appellant insists that the question was improper, in that it called

2. THE same.

for a conclusion of the witness; that the true measure of damage was the difference between the market value of the goods when seized and their value at the date of the trial. The rule contended for by appellant would be applicable in some cases, as in cases of contracts for the sale of property; but we do not think it should govern in cases of this kind. The evidence shows that some of the goods in controversy were salable only at certain seasons of the year; that, if carried over from one season to another, they are subject to damage from dust and moisture, and liable to be in but little demand the second season, by reason of improvements in new goods, and that goods out of season are sold by dealers at a discount. The witness in question was a hardware dealer, and his testimony was in the nature of expert evidence. We think it was competent. 1 Suth. Dam. 786; *Vandine v. Burpee*, 13 Metc. 288; *Shattuck v. Railway Co.*, 6 Allen, 115; Rog. Exp. Test., sec. 152.

IV.   It is not alleged in the answer that the damages which defendants seek to recover are unpaid, and no evidence upon that point was offered. It is urged by appellant that the failure to plead and prove the non-payment of damages is a fatal defect, for which the judgment of the court below must be reversed. The question decided in *Ryder v. Thomas*, 32 Iowa, 56, and *Horner v. Harrison*, 37 Iowa, 378, relied upon by appellant, arose on demurrer. The case of *Hencke v. Johnson*, 62 Iowa, 555, is more nearly in point; but the decision in that case was made to turn upon the fact that no evidence of any damages was offered on the trial, and the first intimation the plaintiff had that damages would be awarded against him was when judgment was rendered. In this case the alleged wrongful suing out of the writ, and the damages which defendants were entitled to recover therefor, were the only issues tried. The question of payment was not in any manner raised. It was contended by appellant that the writ was rightfully sued out, that it had not been guilty of any wrongful act, and that defendants had not sustained any damages

*3. ——: counter-claim for wrongful suing out: pleading: waiver of defect.*

which constituted a valid claim against plaintiff. Under these circumstances we think plaintiff should be held to have waived the right to take advantage of the omission of the answer now urged. We discover no error in the record. The judgment of the district court is

AFFIRMED.