SARAH E. DUNN, Appellant, v. J. C. WOLF *et al.*, Appellees.

1. **Fraudulent Conveyance:** KNOWLEDGE OF GRANTEE. During the trial of an action against him upon an injunction bond a son conveyed to his mother certain real estate for about two thousand dollars less than its value. The litigation which was the moving cause of the sale was notorious, and the evidence in this action connected the mother with many badges of fraud which she failed to explain. *Held,* that a petition to enjoin the sale of said real estate on execution under a judgment recovered against the son on said injunction bond was properly denied.

2. ———: ACTION ASSAILING TITLE: PARTIES. In an action by the fraudulent grantee of real estate so conveyed to enjoin its sale on execution the grantor is not a necessary party.

3. **Pleading:** WAIVER. Defects in a pleading which are not assailed by motion or demurrer will be deemed waived.

4. **Practice:** INTRODUCTION OF ADDITIONAL EVIDENCE: DISMISSAL. After the final submission of a cause the trial court is without authority either to reopen the case for the introduction of additional evidence by either party, or to permit a dismissal of the cause without prejudice.

*Appeal from Audubon District Court.*—HON. H. E. DEEMER, Judge.

MONDAY, JANUARY 26, 1891.

ACTION to enjoin the sale of real estate on execution. There was a decree for defendants, from which the plaintiff appeals.

*Benj. I. Salinger,* for appellant.

*Nash, Phelps & Green,* for appellees.

GRANGER, J.—I. Arthur M. Ryan, Moses Crawford, William M. Dunn and A. M. Dunn were joint

1. FRAUDULENT conveyance: knowledge of grantee.

judgment debtors to the defendant Wolf. A. M. Dunn is the husband of the plaintiff, and has been since 1883. William M. Dunn

is the son of A. M. Dunn, by a former wife.  The judg-
ment referred to was obtained November 18, 1885, and
an execution issued thereon was by the defendant
Herbert, as sheriff, levied on the lands in question on
the seventeenth day of November, 1885, as the property
of William M. Dunn.  On the fifth day of November,
1885, William M. Dunn, by warranty deed, conveyed
the land to the plaintiff, who brings this action to
enjoin the sale.  The defendants admit the execution
of the deed to plaintiff, but aver that it was accepted
by plaintiff to aid William M. Dunn and A. M. Dunn
to defraud their creditors, and especially the defendant
Wolf.  From March, 1881, to some time in 1884, or
later, there was litigation between William M. Dunn
and defendant Wolf in regard to the ownership of real
estate and improvements thereon, in the course of
which proceedings an injunction issued at the instance of
William M. Dunn.  Ryan, Crawford and A. M. Dunn
were, with William M. Dunn, obligors on the bond to
obtain the injunction; and the judgment now sought to
be enforced against the land was obtained on the injunc-
tion bond.

   The cause in which Wolf's judgment was obtained
was on trial on the fifth of November, 1885, and
near the time when the taking of testimony was con-
cluded, and the arguments to the jury commenced,
A. M. Dunn left the court-room, went to the office
of one Armstrong and procured the making of the deed
in question; and, shortly thereafter, William M. Dunn
went in and signed the deed, and also had prepared and
signed a bill of sale of practically all his personal prop-
erty to the plaintiff.  The plaintiff was afterwards
there, and accepted the instruments.  A. M. and
William M. Dunn were, before the trial was concluded,
again in court; and, in answer to a question by counsel
for William M. Dunn, "If it was fixed?" or words to
that effect, one of them answered, "Yes; it's all right."
It is not and could not well be contended by appellant
but that, as to William M. Dunn, the transfer was
fraudulent; but it is contended that, as to the plaintiff,
       VOL. 81—44

there is no sufficient showing to implicate her in the fraud, either because of knowledge of or participation in it. The district court found otherwise, and our examination of the record leads us to the same conclusion. The relationship of the parties, the notoriety of the pending litigation, and the particular time of the transfer, the manner of its accomplishment, the difference between the price paid and its actual value, being upwards of two thousand dollars, the purchase of the property without an examination of it, and the failure of the plaintiff in her own behalf to explain the many badges of fraud against her apparent on the trial, leave little room to doubt the correctness of our conclusion. These general conclusions are aided materially by the evidence in detail, which we do not present.

II.   It is urged that the decree cannot be sustained, because William M. Dunn is not made a party to this proceeding. The effect of the decree is to subject the land to the payment of his debt,

2. —.

on the theory that he is a fraudulent grantor. The point is clearly controlled by the holding in *Potter v. Phillips*, 44 Iowa, 353; and see, to the same effect, *Coffey v. Norwood*, 3 South. Rep. (Ala.) 8 ; Bump, Fraud. Conv. [3 Ed.] sec. 458; Wait, Fraud. Conv., sec. 136 ; *Buffington v. Harvey*, 95 U. S. 99; *Walker v. Powers*, 104 U. S. 245.

III.   It is said that it is not alleged nor proven that the judgment debtors of the defendant Wolf are insolvent. We need not determine the necessity for such allegation and proof,

3. PLEADING: waiver.

because defendants' answer is in the nature of a crosspetition asking affirmative relief, and the defect as to allegations is apparent on its face. It was not assailed by demurrer, and under repeated decisions of this court, and Code, section 2650, the defect is waived. The proofs need only conform to the allegations of the petitions. *Mann v. Taylor*, 78 Iowa, 355. This holding disposes of much said in argument bearing on the admission of evidence and the sufficiency of the proofs to show insolvency.

IV. After the cause had been finally submitted, the plaintiff filed a motion for leave to introduce

**4. PRACTICE: introduction of additional evidence: dismissal.** further testimony, or be allowed to dismiss the cause without prejudice to a future action, and supported the motion by affidavit showing why the testimony was not offered on the trial, which the court overruled, and the court's action in that respect is made a ground of complaint. It will be observed that the motion asks, *first*, that the plaintiff be allowed to introduce additional evidence, and, *second*, that being refused, that she be allowed to dismiss the cause without prejudice. As to the right to introduce additional evidence, Code, section 2799, provides that, at any time before the cause is finally submitted, either party may be allowed to do so. In *Sickles v. Bank, ante*, p. 408, it was held that when the final submission takes place may be left to the discretion of the district court, but that such right does not exist after final submission. In this case the record states that the motion was made "after said cause had been finally heard and submitted;" hence the district court had no authority to grant the motion. As to the second request in the motion, we look to Code, section 2844. It is there provided that an "Action may be dismissed, and such dismissal should be without prejudice to a future action : *First*, by the plaintiff before the final submission of the case to the jury, or to the court, when the trial is by the court." The same considerations must control on this branch of the motion. The cause had been finally submitted, and the court was without discretion to grant the request. The judgment is AFFIRMED.