L. J. DODGE, Appellee, v. JOSEPH DAVIS, Appellant.

1. **Practice in Supreme Court:** QUESTIONS CONSIDERED ON APPEAL. Questions which are not within the issues raised by the pleadings in the district court will not be considered by the supreme court upon appeal.

2. **Pleading**: DEMURRER: WAIVER. Where certain facts, claimed to constitute a defense to an action, were pleaded in the petition, but no demurrer was filed attacking that pleading upon such ground, *held*, that the question could not afterwards be raised by the defendant upon motion to direct a verdict in his favor.

3. **Real Estate**: CONFLICTING CONVEYANCES: BONA FIDE PURCHASERS. A *bona fide* purchaser of real estate for value will take title thereto as against the holder of a prior unrecorded deed of which the purchaser had no actual notice.

4. ———: ———: ———. Continuance in the occupation of real estate by one after the execution of a deed purporting to convey a full title to another, is not sufficient to impart notice of any rights thereto reserved by the grantor.

5. **Tenants in Common**: ACTION AGAINST CO-TENANT FOR WASTE AND USE. Where one tenant in common has ousted his co-tenant from the possession of lands, denying his right to participate in its profits, and claiming the exclusive right to use and occupy the same, the ousted tenant may maintain an action against the tenant in possession for the value of the use of the land, and for waste committed thereon.

*Appeal from Appanoose District Court.*—HON. C. H. TRAVERSE, Judge.

THURSDAY, MAY 12, 1892.

ACTION by a tenant in common, owning a two-thirds interest in certain real estate, against her co-tenant, owning a one-third interest therein, for damages for waste committed by cutting trees growing on the land; also for the use of the land. The answer is a denial of the averments of the petition, and avers that the defendant is the sole owner. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*George D. Porter,* for appellant.

*T. M. Fee,* for appellee.

KINNE, J.—The plaintiff claims that she and the defendant are tenants in common of the west half of

the northwest quarter of section 9, township 67, range 16; the plaintiff owning two-thirds of said land, and the defendant one-third thereof. She avers that the defendant has ousted her from the possession of the land, and has held the sole possession of it since March 1, 1889; that he claims an exclusive right and title to said land, against the plaintiff, and denies the plaintiff's right to participate in its profits, and claims the exclusive right to use and occupy said land, and to enjoy its rents and profits; that, while in such exclusive occupancy, the defendant has committed waste thereon by selling the growing trees on the land, and granting the right to cut and remove the same, without the plaintiff's consent; that the value of such trees was three hundred dollars, and the damage to the plaintiff's interest in said land was three hundred dollars; that since the defendant has ousted the plaintiff, the defendant has had the exclusive use and control of the land, and such use is worth two hundred dollars, two-thirds of which belongs to the plaintiff. The defendant denies all allegations in the petition, and avers that he is sole owner of the land, and has never parted with his title.

I. It appears that on December 21, 1888, the defendant, who then owned the land in controversy, deeded it to his son-in-law, one Gourley, which deed was filed for record December 22, 1888, and that he received one thousand dollars for the land; that on January 29, 1889, said Gourley and wife deeded the land to the plaintiff, said deed being recorded February 6, 1889. Prior to the making of this last deed, Gourley made a deed to the defendant, but it was not recorded until April 15, 1889. The appellant insists that, at the time Davis deeded to Gourley, Davis was a married man, and hence, as the wife did not join, and the conveyance covered the homestead, it was void. This point is without merit, if for no other reason, because no such

1. PRACTICE in supreme court: questions considered on appeal.

issue is presented in the pleadings, and it cannot now be considered.

II. It is also claimed that the court erred in over-ruling the defendant's motion to direct a verdict for him because, as he claims, that if the defendant holds by reason of, and claims the title adverse to the plaintiff, a suit for trespass would not lie unless the plaintiff was in possession at the time the suit was instituted. If the facts claimed constituted a defense, the defendant should have demurred to the petition, as the facts upon which he now relies were all pleaded therein. By failing to do so, he has waived his right to be heard thereon. We may say, however, that the law is well settled in this state, whatever it may be elsewhere, against the contention of the defendant. In *Mason v. Lewis*, 1 G. Greene, 494, where one had purchased from the government, it was held: "This purchase placed him at least in constructive possession. Such a possession is sufficient to maintain the action of trespass. * * * When the plaintiff has the right of property, and also the right of immediate possession, he may maintain trespass, although the actual possession is in another." *Austin v. Barrett*, 44 Iowa, 488; *Brown v. Bridges*, 31 Iowa, 138; *Sears v. Sellew*, 28 Iowa, 506.

2. PLEADING: demurrer: waiver.

III. Claim is made that the plaintiff knew of the execution of the deed from Gourley to Davis before she purchased the property in controversy. The evidence is very clear that she had no knowledge whatever of the fact that Gourley had made a deed of the land to Davis until after she made the purchase and received her deed. It appears from the testimony that Gourley, when he made the deed to Davis, placed it in the hands of one Garrett until he (Gourley) should call for it. He never called for it, but the defendant got it of Garrett, so far as appears, without Gourley's consent.

3. REAL estate: conflicting conveyances: bona fide purchasers.

There was no consideration for this deed to Davis, and no evidence that it was intended by Gourley that it should be delivered to him. The plaintiff paid value for the land, in good faith and without any notice that the defendant had any interest in it whatever.

IV. Some claim is made that Davis was in possession of the land when the plaintiff received her deed. We think the evidence shows he had prior thereto abandoned the land, after making the deed to Gourley, but, if he had not done so, he could not claim that his possession, under the circumstances, was constructive notice to the plaintiff of his rights, if he had any. Having given a conveyance of the land to Gourley, the defendant's occupancy of the premises would impart no notice to the plaintiff of any right reserved in himself. The presumption would be that the possession the defendant retained after he executed the deed to Gourley was a mere holding over at will until it suited his convenience to remove or surrender possession. *Koon v. Tramel*, 71 Iowa, 132, and cases cited.

V. The appellant also complains of the action of the court in not instructing the jury to find for him, and in giving the instruction to the jury. It reads as follows:

"If you find for plaintiff, and if you find that defendant has had the exclusive possession of the 5. TENANTS in common: action against co-tenant for waste and use. premises in question since the first day of March, 1889, under a claim of sole ownership, and when holding and claiming adversely to plaintiff, and when denying all interest or title in her, and when denying any and all right of possession on the part of plaintiff, if such is the fact, then you will allow plaintiff two-thirds of the fair rental value of said premises since March 1, 1889, and also two-thirds of the fair market value of the trees or

timber, if any, that defendant sold to third parties off of said land during said time. In arriving at their values, you should consider and be governed by all the evidence in the case that will afford you any light thereon."

The contention of the appellant is that one tenant in common cannot maintain an action against his co-tenant for rent and use of land, or for trees cut and carried away. In *Sears v. Sellew*, 28 Iowa, 506, it is said: "We conclude, therefore, that defendant, having held the land adversely to plaintiff—having ousted him—is liable for the yearly value of the rent." In *Austin v. Barrett*, 44 Iowa, 488, it is said that, where the acts of the defendant "constituted him a disseisor of his co-tenants, he became liable to pay rents to them." An "actual ouster" may be found from "a possession attended with such circumstances as to evince a claim of exclusive right and title, and a denial of the right of the other tenants to participate in the profits." *Burns v. Byrne*, 45 Iowa, 285; *Noble v. McFarland*, 51 Ill. 226. Many citations might be made of authorities which hold that in a case like this, where the defendant is a disseisor of his co-tenant, when he ousts him, he becomes liable to an action for rents and for waste.

Other questions are discussed by counsel, which, in the view we have taken, need not be considered. We have examined the instructions asked and refused, as well as those given, and find no errors.

The judgment of the court below is AFFIRMED.