E. L. FULMER, Appellant, v. MAHASKA COUNTY.

Practice: Unchallenged Pleading. Where a petition is not objected to before issue is joined, it is error to direct a verdict for defendant because the petition and the opening statement by his counsel do not set forth facts constituting a cause of action.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

TUESDAY, OCTOBER 9, 1894.

ACTION for damages resulting from a defective bridge. With the above entitled action was consolidated that of S. Fulmer *v.* Mahaska County, the cause of action having been assigned to E. L. Fulmer. Judgment for defendant for costs, and the plaintiff appealed. *Reversed.*

*Bolton & McCoy* for appellant.

*Byron W. Preston* for appellee.

GRANGER, C. J.—Plaintiff filed a petition, and an amendment thereto, averring negligence on the part of defendant county in failing to construct and keep in repair a certain bridge. The petition states many particulars as to a bridge that had been constructed by the township in which it was situated, showing its insufficiency, and facts designed to show that it was a bridge that the county should build and maintain, and avers that the county "had taken charge of keeping in repair and

repairing" said bridge.   The petition further alleged
facts tending to show negligence on the part of the
county, in consequence of which his team and wagon
fell from the bridge, with the occupants of the wagon,
and damage was sustained.   To the petition there was a
general denial.   A jury was impaneled to try the issues,
and at the close of the opening statement by plaintiff's
counsel, the attorney for defendant—orally, as we under-
stand—made the following statement and motion:
"The statement of the plaintiff's attorney, Mr. McCoy,
having been taken down in writing by the reporter,
defendant moves on that statement and on the plead-
ings in the case—moves the court to direct a verdict for
the defendant, for the reason that upon such pleadings
and said statement of counsel it is not shown that the
bridge in controversy was a county bridge; it is not
shown, as alleged in the petition, that the county did
build the bridge; it is not claimed in the petition, or in
such statement, that the county ever made any appro-
priation for such bridge, or to repair the same, or ever
took charge of said bridge in any manner; that from
such statement of the plaintiff's attorney, and from the
amended and substituted petition, it does not appear
that the bridge in controversy is such a bridge as that
the county is required to build or repair or maintain;
and the defendant moves the court to render a judg-
ment for the defendant upon the pleadings and upon
the opening statement of the plaintiff's attorney."
The court sustained the motion, and the correctness of
the ruling is the only question before us.   It will be
seen that the ruling of the court was not based on the
fact that plaintiff did not propose to prove the material
facts alleged in his petition, but on the ground that a
cause of action did not appear from the petition and
the statement of counsel.   This must mean that the
petition is defective in not stating certain facts, and that,
aided by the statements of counsel, both are not suffi-

cient. We think the sufficiency of a pleading can not be tested in such a manner. It will be seen, by referring to the statement and motion, that facts are suggested as neither pleaded nor offered to be proved in the opening statement, showing clearly that we have not misapprehended the purport of the motion. We have examined the statements of counsel to the jury as they appear in the record; and the facts stated, as intended to be proven, are in line with the facts as stated in the petition. We have repeatedly held, and it is the language of the statute, that defects in a petition, not taken advantage of by a demurrer, when the defects appear on the face of the petition, are waived. Code, section 2650; *Dunn v. Wolf*, 81 Iowa, 688, 47 N. W. Rep. 887; *Linden v. Green*, 81 Iowa, 365, 46 N. W. Rep. 1108; *Wing v. District Tp.*, 82 Iowa, 632, 48 N. W. Rep. 977; *Knapp & Spalding Co. v. Barnard*, 78 Iowa, 347, 43 N. W. Rep. 197. The practical effect of sustaining this motion is to determine the sufficiency of the petition as to its statements of fact, and because insufficient, to direct a verdict for the defendant. This question was involved in *Dodge v. Davis*, 85 Iowa, 77, 52 N. W. Rep. 2. In that case there was a motion to direct a verdict for the defendant upon facts disclosed by the petition which, if fatal to a recovery, could not have been assailed by demurrer. The district court overruled the motion, and we sustained its action, saying: "If the facts claimed constituted a defense, the defendant should have demurred to the petition, as the facts upon which he now relies were all pleaded therein." The same rule applies in this case. If the petition was defective on its face, as is now claimed, its sufficiency should have been questioned before issue of fact taken thereon. Failing to do so, defendant waived the defects, and the issues as made should have been tried. It is to be understood that we express no opinion as to the sufficiency of the petition. It is a question

not before us, because not presented as the law directs.
The judgment is REVERSED.