GEORGE B. DE SELLEM, Receiver, v. THE IOWA CITY BANK, *et al.*, Appellants.

**Guarranty of Note:** INTENTION. *Agreement.* A note payable to a national bank was indorsed by a state bank which was in process of dissolution, and to whose business the national bank succeeded. The name of the national bank had been substituted for that of the state bank in its note blanks, and the note was written on a blank so changed. There was an agreement between the banks that notes held by the state bank, and guaranteed by it, should be received by the national bank. Several purchases of notes had been made by the national bank under this agreement, and some notes had been selected by a committee, but the note in question did not appear in the list of those so purchased or selected. The note was made by a depositor in the state bank to satisfy an overdraft. The overdraft was satisfied on its books and the note was credited to the state bank on the books of the national bank. *Held,* that a judgment in favor of the national bank against the state bank, as guarantor of the note, on the ground that the note was originally given to the state bank, and transferred to the national bank pursuant to the agreement, would not be disturbed.

**Waiver:** FAILURE TO ATTACK PLEADING. Failure of the petition against the guarantors of a note to allege a demand and notice could not be raised by answer, before the passage of the act of the Twenty-fifth General Assembly, and was waived by failure to demur.

*Appeal from Johnson District Court.*—HON. J. J. NEY, Judge.

FRIDAY, APRIL 9, 1897,

THE plaintiff is the receiver of the Iowa City National Bank. The Iowa City Bank is a co-partnership composed of E. Clark, Thomas Hill, and John N. Coldren, the latter being its cashier. The Iowa City Bank had been in existence for some time prior to November, 1882, at which time the Iowa City National Bank was organized with John N. Coldren also as its cashier, and with Clark, Hill, and Coldren as stockholders therein. By agreement, the national bank was to succeed to the business of the Iowa City Bank, the two banks occupying the same apartments. December 11, 1882, J. H. Clark & Son, being indebted to the Iowa City Bank, executed the note for two thousand dollars, on which this suit was brought. On the face of the note, it is made to the Iowa City National Bank, signed by J. H. Clark & Son and J. H. Clark. It is indorsed as follows: "Iowa City Bank, by J. N. Coldren, Cas." This suit is against the makers of the note, who make default, and the Iowa City Bank, as indorser, and E. Clark and J. N. Coldren, as members of the firm constituting the Iowa City Bank. Plaintiff, as a ground of its right to recover against the Iowa City Bank and Clark and Coldren, alleges that there was a verbal agreement between the two banks, by which assets of the Iowa City Bank were to be assigned to the Iowa City National Bank, the payment to be guaranteed by the Iowa City Bank, and that this was one of the notes so transferred and guaranteed. E. Clark and the Iowa City Bank, by separate answer from that of Coldren, deny the verbal agreement to so transfer assets of the Iowa City Bank, or that the note in suit was so transferred; aver that the Iowa City Bank ceased to do business and dissolved on the first of December, 1882; and deny the authority of Coldren to make the indorsement, and aver a failure of demand and notice so as to bind them as guarantors,

Coldren and the Iowa City Bank also unite in an answer averring that the Iowa City Bank was not dissolved December 1, 1882, nor for a long time thereafter, but continued to do business; that the note in suit was one of the bills receivable of said bank, and was indorsed to the Iowa City National Bank, in pursuance of a verbal agreement between the banks and certain resolutions and motions passed by the Iowa City National Bank; that the indorsement was made by Coldren as an officer of the bank; and that he made it by the direction and consent of the bank. Defendant Coldren denies a personal liability, unless the Iowa City Bank may be liable, and he, as a member of the firm, may be also liable. He also avers a failure of demand and notice. The district court gave judgment for the plaintiff against all the defendants, and E. Clark, the Iowa City Bank, and J. N. Coldren appealed.—*Affirmed.*

*C. C. & C. L. Nourse* and *Ranck & Bradley* for appellants.

*Baker & Ball* and *Milton Remley* for appellee.

Granger, J.—I. There is some dispute as to facts. It will be remembered that the note in suit is made with the Iowa City National Bank as payee, and hence, on the face of the note, that bank was the original holder. There is no mistake but that the note was given by Clark & Son in settlement of an overdrawn account at the Iowa City Bank, and that the Iowa City National Bank furnished no part of the consideration for the note. As it is a law action, we are to assume facts, having support in the evidence, essential to sustain the judgment. It appears that the note in suit was made on a blank printed for and previously used by the Iowa City Bank, which blanks were, after

the organization of the Iowa City National Bank, used by it, making the change of name by a rubber stamp, and the change was thus made in the note in suit. It appears that, when the note was taken, it was indorsed by Coldren, as cashier, to the national bank, entered among its bills receivable, and the Iowa City Bank given credit therefor.   It appears from the books that the credit given to the Iowa City Bank on the books of the Iowa City National Bank was one thousand nine hundred and ninety-four dollars and seventy-five cents, instead of the two thousand dollars for which the note was given.   The overdrafts of Clark & Son were something over two thousand two hundred dollars, and some checks were deposited, amounting to some two hundred and fifty-three dollars and ninety-one cents; and as the note was to mature in ninety days, without interest, the adjustments show an item of five dollars and twenty-five cents received by the national bank, being the difference between the credit to the Iowa City Bank and the two thousand dollars; and this we understand to be a part of the interest for the ninety days the note was to run.   The transaction, in respect to the interest or a division of it, seems to be obscure.   It is not made clear by the record.   Much importance is attached by appellant to the fact that the note was entered in the daily business of the national bank, taking its regular number in the bills receivable.   There seem to have been several purchases of notes by the national bank from the other bank, in which the particular notes are described or set out, and this note appears in none of them, and in one or more instances the selection was made by a committee of the national bank.   These facts are also regarded by appellants as important.   A difficulty with appellant's position is that this note was actually taken by the national bank from the

Iowa City Bank; that it was a note taken in settlement of the business of the Iowa City Bank; that it was indorsed to the national bank, and a credit given the Iowa City Bank for it, and the indebtedness of Clark & Son to the Iowa City Bank satisfied on the books of that bank. To these are to be added the facts that there was a verbal agreement for such a transfer, and that the transfer was made in pursuance of such agreement. These facts appear conclusively or have such support in the evidence that we must assume them. It is true, there is evidence to the contrary as to some of the facts, but nothing to take them out of the rule as to presumptions where the evidence is conflicting. It is thought that the Iowa City Bank ceased to do business on the first of December, 1882, but there is strong evidence that it did continue to do business for a long time after that. It was not the regular business of banking, but the business of closing up its affairs. Its books were kept, collections made, debts paid, and such business done as properly belonged to a liquidation of its affairs under its agreement with the national bank. In fact, it is to be said that this particular transaction took place with the knowledge and assent of the owners of the Iowa City Bank, in the sense that the district court could have so found from the evidence. The facts make it unnecessary to consider questions such as the authority of Coldren to make the indorsement after the bank ceased to do business. The case is peculiar in the respect that, while Clark associates the Iowa City Bank with him to deny certain facts, Coldren associates it with him to admit many of the facts denied in the other answer.

II. The claim is made that there was no demand and notice, so as to charge defendants as guarantors. The only way the question comes into the case is by averments in the answers of a failure to make the

demand and give notice.  This case was tried before the act of the Twenty-fifth General Assembly was passed, and, as no averments were made in the petition as to such facts, they are waived, and need not be proven.  *Knapp & Spaulding Co. v. Barnard,* 78 Iowa, 347 (43 N. W. Rep. 197); *Dunn v. Wolf,* 81 Iowa, 688 (47 N. W. Rep. 887).  The averments in the answers do not change the rule as to the plaintiff. The objection should have been taken by demurrer to the petition, in a case where such averments were necessary to a cause of action.  The plaintiff's proof corresponded to his averments, and, under the rule then in vogue, it was sufficient.  *Dunn v. Wolf, supra.* The judgment will stand AFFIRMED.