SAMUEL PARKHILL, Trustee, v. EUGENE DOGGETT and
Mrs. EUGENE DOGGETT, Appellants.

**Partition:** CONTRIBUTION BY COTENANT. While as a general rule a
cotenant who is a disseisor is chargeable with rents and profits
and can not compel contribution for improvements, still there
may be circumstances where a court of equity may modify the
strict rule in the interest of justice; as where defendant sup-
posing he had acquired absolute title by purchase under a sale
in partition entered into possession making valuable improve-
ments on the property, the ouster of a cotenant in fact still
having an interest was only technical and he is held entitled to
contribution in a subsequent action for partition.

**Same:** IMPROVEMENTS: REMOVAL: RENTS AND PROFITS. Neither party
to a partition by sale can complain of the removal of inexpensive
buildings erected by the tenant in common in possession of the
land supposing he owned the entire fee; and when the tenant
in possession is entitled to contribution for improvements which
equal in value the rents and profits he will not be required to
pay over any part of the rents to his cotenant.

**Partition:** LIABILITY OF COTENANTS FOR INCUMBRANCE. Where a por-
tion of the price paid for land at a partition sale was used
by the referee in paying a judgment lien against the premises,
the purchaser supposing he had acquired the whole title, a coten-
ant subsequently establishing an interest in the property can not
complain that he is charged with his proportion of the debt

*Appeal from Keokuk District Court.*—HON. W. G.
CLEMENTS, Judge.

TUESDAY, FEBRUARY 16, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

SUIT to partition lands. There was a judgment estab-
lishing the respective interests of the parties and ordering
a sale of the lands for the purpose of partition. Both par-

ties appeal. The defendants having appealed first will be called appellants.—*Affirmed.*

*C. M. Brown* and *A. C. Steck,* for appellants.

*W. C. Gambell* and *J. P. Talley,* for appellee.

SHERWIN, J.—The plaintiff, as trustee for certain heirs of A. J. Doggett, deceased, owns a one-ninth interest in the land sought to be partitioned, and the defendant Eugene Doggett owns the remaining eight-ninths interest therein. The land involved consists of two hundred and twenty-two acres, which is separated by the record and evidence into two tracts, known as the "one hundred and two acre tract" and the "one hundred and twenty acre tract," respectively. Both tracts of land were sold to the appellant Eugene Doggett in December, 1900, by a referee duly appointed to sell the same pursuant to a judgment in partition proceedings instituted by the widow of A. J. Doggett. The plaintiff was not made a party to that suit, and upon appeal to this court we held that his interest in the land was not affected by the judgment therein. See 135 Iowa, 113. Plaintiff then brought this action for the partition of the same land, alleging in his petition that he and the defendant Eugene Doggett were the owners in fee simple thereof, and that the same could not be equitably divided without a material depreciation in the value thereof. The plaintiff further alleged that ever since his purchase of the land the said Eugene Doggett had had the sole use and benefit thereof and had received all rents and profits therefrom, and that such rents and profits were of the reasonable cash value of $600 per year. The defendant answered, alleging that he was the sole and absolute owner of the said real estate by virtue of the referee's conveyance of the same to him, and denying that the plaintiff owned any interest therein as trustee or otherwise. He further an-

swered that he entered into possession of the land immediately after the same was conveyed to him by the referee, and that he had since said time been in the adverse possession thereof under color of title and claim of right, and that he had made valuable improvements thereon to which the plaintiff had not contributed. After the case had been fully submitted, the defendant filed without leave an amendment to his answer, the material part of which was the admission that the plaintiff was the owner of the interest claimed by him. The appellee claims that the appellants' acts and their claims of absolute ownership and adverse possession amounted to an ouster, and that because thereof he is not entitled to contribution and is chargeable with rents and profits.

It is the general rule that a cotenant who is a disseisor is chargeable with rents and can not compel contribution for improvements. *Rippe v. Badger,* 125 Iowa, 725; *Dodge v. Davis,* 85 Iowa, 77; *Austin v. Barrett,* 44 Iowa, 488. When the appellant bought of the referee, he undoubtedly supposed that he was acquiring title divested of any other interest, and his possession and his acts thereunder were all in harmony with such supposition. He cut and removed standing timber and sold standing timber that was cut and removed by others. He rented a part of the premises, as we understand the record, and retained all rent received. In fact, as stated in his answer, he was holding as the absolute owner and in hostility to the claims of all others, and such acts amounted to an ouster under nearly all of the authorities; but, notwithstanding this strict rule of law, a court of equity may consider all of the circumstances and somewhat modify the rule in the interests of justice, and this is what the trial court seems to have done in this case.

1. PARTITION: contribution by cotenant.

The evidence conclusively shows that the appellant made substantial improvements on the land which have

materially increased its value. On the other hand, it is shown that the rental value of the land was considerable during the time in question. The appellant has also paid the taxes, and as to these the appellee concedes his liability for a portion thereof. A part of the improvements made by appellant were inexpensive buildings, and these the decree below permits him to remove if he so elects. Both parties complain of this; but it is clear that the appellant has no just reason for so doing, and we are equally as well satisfied that the appellee's complaint is without merit. The record fairly shows that the improvements, aside from these buildings, cost more than the rental value of the land, and, if the appellee is made whole, he should not complain.

*2. SAME: improvements: removal: rents and profits.*

The trial court also charged the plaintiff something over $100 to be paid to the defendant out of the plaintiff's share, and of this plaintiff complains. The decree does not show what it was for. It may have been for taxes, or for something else; but we can not disturb the finding on the record before us. When the appellant took the referee's deed, there was a judgment of over $3,000 which was a lien on the land, and this judgment was paid off by the referee with a part of the money received from the appellant. The appellee states in argument that the charge made against him in the decree was for his proportion of the judgment lien. If it be true, the plaintiff should not complain. His interest in the land was originally subject to the mortgage, and, the sale under the former partition proceedings having been declared void as to him, he should not be permitted to have his interest in the land now set apart to him relieved of the mortgage judgment lien; and this is so because, as a matter of fact, the appellant has not received what he paid the referee for, to wit, the whole of the land conveyed.

*3. SAME: liability of cotenants for incumbrance.*

The controversy between these litigants is principally
of fact, and, after a painstaking examination of the entire
record, we are satisfied that the decree of the trial court
is just and equitable and should be in all respects *affirmed*.