SAMUEL W. TODD, Appellee, v. SAMUEL M. STEWART et al., Appellants.

WILLS: Construction—Devise in Fee With Subsequent Repugnant
1 Clause. An absolute and unqualified devise in fee is in no manner affected by a subsequent testamentary paragraph which attempts to dispose of the property in case of the death of the devisee in fee or his heirs.

**PARTITION:** Mode of Partition—In Kind (?) or by Sale (?) Lands
2   will not be partitioned in kind in order to favor one cotenant who
    already owns adjoining lands, when to so do would materially les-
    sen the value of the partitioned tract as a whole.

**PARTITION:** Adjusting Equities—Cotenant Chargeable With Rent. A
3   cotenant who, under an asserted claim of ownership to the entire
    tract, has ousted his fellow tenant, will be charged in partition
    proceedings with the fair rental value of the ousted tenant's share,
    whether the disseizor has or has not actually received such rental
    value.

**PARTITION:** Adjusting Equities—Allowing Disseizor Value of Im-
4   provements. Equity may allow a disseizor for the value of neces-
    sary improvements placed upon the property for its protection.

**PARTITION:** Costs—Unallowable Attorney Fees. Attorney fees are
5   not taxable in partition proceedings when the real contest was con-
    cerning the title to the property.

**Headnote 1:** 40 Cyc. pp. 1585, 1586. **Headnote 2:** 30 Cyc. p. 269.
**Headnote 3:** 38 Cyc. p. 66. **Headnote 4:** 38 Cyc. p. 58. **Headnote 5:**
30 Cyc. 299.

*Appeal from Van Buren District Court.*—F. M. HUNTER, Judge.

MARCH 17, 1925.

ACTION in partition. The facts will be found stated in the
opinion. The defendants Stewart and Newbold, guardian *ad
litem* for the minor defendants William S. and Albert L. Todd,
appeal.—*Modified and affirmed.*

*Starr & Jordan* and *Cornell & McBeth,* for Stewart, appel-
lant.

*Newbold & Newbold,* for Newbold, guardian *ad litem,* ap-
pellant.

*H. B. Sloan* and *J. C. Calhoun,* for appellee.

VERMILION, J.—The historical background of this contro-
versy is to be found in the case of *Stewart v. Todd,* 190 Iowa
283. Under the final decision in that case, a tract of 136 acres

of the land involved was held not to pass under the contract there considered, but to descend under the law, or pass by the will of Emma A. Stewart, deceased; and the disposition of it was not adjudicated in that action.

1. WILLS: construction: devise in fee with subsequent repugnant clause.

The present action is for the partition of 86 acres of that tract, situated in Iowa. Samuel W. Todd, the appellee, brought the action, claiming to be the owner in fee of an undivided two thirds, under the will of Emma A. Stewart, against Samuel M. Stewart, the surviving husband of the testatrix, who had rejected the provisions of the will and elected to take under the law, and who is conceded by all parties to be the owner of an undivided one third of the land. The controversy as between these parties relates (1) to the right of the appellee to have partition at all, and (2) to the terms and manner of partition, if it should be decreed.

The right of the appellee to partition depends upon whether he is the owner in fee of an undivided two-thirds interest in the land, or has but a life estate; and this is a matter of dispute between Todd and his minor children, who were made parties at the instance of the appellant Stewart, and who assert, through a guardian *ad litem,* the claim that appellee has but a life estate in an undivided two thirds of the land, and that they are the owners of the remainder in fee. This claim is predicated on the will of Emma A. Stewart.

The will is a lengthy and somewhat intricate and involved document. The land in question is a part of what is there referred to as the "Blackledge Farm." The sixth paragraph of the will gives to the appellee, Samuel W. Todd, a life estate in the Blackledge farm, subject to life estates therein in Mrs. J. D. Blackledge and the appellant Stewart. Mrs. J. D. Blackledge is dead, and Stewart, as has been noted, rejected the provisions of the will; so that the life estates given to them require no attention. Paragraph 13 is as follows:

"Subject to the life estates therein in Mrs. J. D. Blackledge, S. M. Stewart and Samuel W. Todd I hereby will, devise and bequeath the 'Blackledge Farm' to the beneficiaries named in the residuary clause, being Paragraph 14 hereof, the same to be

the property of such beneficiaries absolutely and in fee simple and as therein directed.''

Paragraph 14, so far as here material, is as follows:

''All the rest, residue and remainder of my property * * * I hereby will devise and bequeath to the legal heirs of my father Samuel Blackledge and my mother Mrs. J. D. Blackledge equally, that is: One half to the heirs of my father and one half to the heirs of my mother, in ascending and descending lines, as provided in the statutes of inheritance now in force in the state of Iowa, it being expressly understood and provided, however, that the legal heirs of any of the heirs of my father or mother who are now deceased, or who may die prior to my death shall share equally share and share alike in the proportion which would fall to such heir had they survived me.''

It is admitted in the answer of the appellant Stewart, and is not questioned by any of the parties, that Samuel W. Todd is the grandson and only heir at law of Samuel and J. D. Blackledge, and as such is the residuary legatee, under the fourteenth paragraph of the will.

It is clear that the will first, in Paragraph 6, gives to Samuel W. Todd a life estate in the Blackledge farm, subject to two prior life estates that are now of no moment. This does not dispose of the remainder. The thirteenth paragraph puts the remainder in the Blackledge farm, after the life estates to Todd and the others, in the residuary estate disposed of in Paragraph 14, and provides that it shall be the property of the beneficiaries therein named, absolutely and in fee simple. Paragraph 14 disposes of the remainder and residue of the estate to the heirs of Samuel and J. D. Blackledge, as a class. The record does not disclose what persons might have been, had they survived, heirs of the Blackledges, other than Todd and, in the event of his death, his children; but the language of the will indicates that it was in the contemplation of the testatrix that there might be others than Todd who would take as members of the class. But Todd, by force of circumstances, is the only person in the class designated as residuary devisees. There is no devise, directly or by any possible implication, to the children or heirs of the body of Todd.

Paragraph 15 provides, in substance, that, in case of the

death of Todd without heirs of his body, or the death of Todd and the heirs of his body, then any and all portions of the estate willed to Todd by any clause of the will shall go to the heirs of the testatrix's father and mother, the Blackledges, except the father and mother of Todd or their heirs; and that all rights given by any clause of the will to Todd are not to vest in Todd, except subject to these limitations and conditions. This paragraph, so far from amounting to a devise of any interest or estate in the Blackledge farm to the children of Todd, would seem to expressly exclude them, as heirs of Todd's father and mother, their grandparents.

The intention of the testator being ever the polestar in the interpretation of wills, the object is always to discover that intention, as expressed in the will, under established and recognized canons of construction. But, as has frequently been said, there are some things that even a testator cannot do. It is settled by an unbroken line of decisions that, where a will gives an absolute title in fee, any attempt in a subsequent clause to defeat, destroy, or limit the title or estate so given, is held to be inconsistent with the disposition so made, and does not affect it. The two provisions are, in their nature and under the law, repugnant; and the subsequent attempted limitation upon what has once been expressly given, must fail. *Alden v. Johnson,* 63 Iowa 124; *Bills v. Bills,* 80 Iowa 269; *Talbot v. Snodgrass,* 124 Iowa 681; *Luckey v. McCray,* 125 Iowa 691; *Ogle v. Burmister,* 146 Iowa 33; *Canaday v. Baysinger,* 170 Iowa 414; *Bellamy v. Bellamy,* 184 Iowa 1193.

The difficulty that has been experienced in applying this unquestioned rule of construction has been in determining whether the estate first given was an estate in fee; and the inquiry has not infrequently been whether, in a particular will, the language relied upon as limiting the estate to less than a fee was so closely connected with, or related to, the language of the devise itself as to in fact so limit it, or whether it was either merely precatory, and therefore not controlling, or was repugnant to the devise in fee, and therefore ineffectual. See *Lowrie, Bowman & Boyer v. Ryland & Troutman,* 65 Iowa 584; *Stivers v. Gardner,* 88 Iowa 307; *Pool v. Napier,* 145 Iowa 699; *Richards v. Richards,* 155 Iowa 394; and the cases above cited.

The will in question presents no such difficulty. In the thirteenth paragraph, the land in question is given to the beneficiaries named in the residuary clause, absolutely and in fee simple. Stronger or more emphatic or appropriate language could not have been employed. The attempt in the fifteenth clause to direct the disposition of the land upon the death of Todd without heirs of his body, or upon the death of both Todd and the heirs of his. body, is clearly repugnant to the prior devise in fee. Moreover, to give it effect would result, not in giving the fee to the children of Todd,—for it is attempted to control the disposition of the land upon their death as well,—but, since Todd is the only person in the class named as residuary devisees, the remainder would be undisposed of by the will. The testatrix died without issue, and Todd, as the only heir of her father and mother, would, in such event, take the fee, subject to the right of her surviving spouse, by inheritance. It follows that the appellee, Todd, is the owner in fee of the undivided two thirds of the land in question, and entitled to partition of it.

Complaint is made that the land was not partitioned, and the one-third interest of appellant Stewart set off to him so as to adjoin other lands belonging to him, but was ordered sold.

2. PARTITION: mode of partition: in kind (?) or by sale (?) The property is farm land, and a dwelling house is upon the part adjoining land of Stewart. The advantage to him in having the land so partitioned is apparent; but the fact that his peculiar situation, arising from his ownership of adjoining land, would make one part of the tract especially valuable to him, does not require that the land be partitioned, if to do so would materially lessen the value of the tract as a whole. We agree with the trial court that this would be the result. Where, in an action of partition, the property cannot be equitably divided, a sale should be ordered. Section 4253, Code of 1897 (Section 12326, Code of 1924). The fact that the property is capable of being so divided that the relative value of the shares would correspond to the proportions in which it was owned, is not alone conclusive of the right to a physical partition. If by partition the value of the shares would be materially less than the value

of the tract as a whole, partition would be inequitable. *Branscomb v. Gillian,* 55 Iowa 235.

From the death of the testatrix, the land has been in the possession of the appellant Stewart; and in the decree, he was charged with two thirds of the rental value of the land. His

3. PARTITION: adjusting equities: cotenant chargeable with rent.

contention is that he should have been charged only with two thirds of the rent received by him, or its rental value when used by him. Until the entering of the supplemental decree on March 25, 1921, in accordance with the final decision in this court in the case of *Stewart v. Todd,* supra, the appellant was at all times insisting that he was the sole owner of the land, and was holding possession of it under such claim, and denying any right on the part of appellee therein. He was in fact the owner of but an undivided one third; and his possession under his claim of ownership of the whole was, under these circumstances, an ouster of his cotenant. He was a disseizor, and as such, chargeable with the rental value of his cotenant's share of the property, whether the rent was actually received by him or not. *Sears v. Sellew,* 28 Iowa 501; *Austin v. Barrett,* 44 Iowa 488; *Dodge v. Davis,* 85 Iowa 77; *Rippe v. Badger,* 125 Iowa 725; *Parkhill v. Doggett,* 142 Iowa 534.

Complaint is made of the amount charged to appellant as the rental value of the land. The testimony was conflicting; and we find nothing, upon the whole record, that leads us to disagree with the finding of the trial court upon that question.

The appellant Stewart further complains of the refusal of the court to allow him two thirds of the amount expended by him in constructing and completing a dwelling house on the premises. As to this, the court found that $890.63 of the amount so expended was a liability incurred by testatrix during her lifetime. Stewart filed a claim against the estate, which, we understand, included the items making up this amount. The court found that the estate had personal property of the appraised value of $1,890 not belonging to the partnership composed of Stewart and testatrix, which he purchased of the administrator at the appraised value, giving his note therefor; that the note was subsequently surrendered to him without payment; and that, as the property so acquired by him should have been

applied to the settlement of the claim, he was not entitled to be credited in this proceeding with two thirds of the $890.63 so expended by him. We find no occasion to disturb the finding and decree in this respect.

A further sum of $345.86 was expended by Stewart to complete the house after the death of testatrix. While, as a general rule, one who has ousted his cotenant and holds the common property as a disseizor is not entitled to recover from the cotenant for improvements put upon the property by him (*Austin v. Barrett,* supra; *Rippe v. Badger,* supra), yet a court of equity may consider all of the circumstances and modify the strict rule of the law in the interest of justice. *Parkhill v. Doggett,* supra.

4. PARTITION: adjusting equities: allowing disseizor value of improvements.

It appears that, at the death of the testatrix, the house was not completed. It is not questioned but that its completion was necessary to its proper preservation, and added materially, and to the extent of the cost of the improvements, to the value of the property, and enhanced its rental value,—all of which inured to the benefit of appellee. Moreover, Stewart, at the commencement of the litigation over the property, obtained in the probate court an order authorizing him to keep the property in repair and make necessary improvements and preserve the same. While the appellee was not a party to the granting of the order, and it was expressly made without prejudice to the rights of any of the parties interested in the property, it is, at least, evidence of Stewart's good faith. Under these circumstances, we are of the opinion that appellant should be allowed two thirds of the $345.86 so expended in completing the house.

An administrator *de bonis non* of the estate of Emma A. Stewart intervened, and asked that the property in question, or its proceeds, be subjected to the payment of claims against the estate. The administrator has not appealed from the decree denying him relief. But aside from that, the only indebtedness of the estate was upon the claim of Stewart. So far as the claimed indebtedness grew out of the partnership and the contract involved in *Stewart v. Todd,* supra, Stewart, as the surviving partner, was, under the contract, bound to pay it. As to such of the claim as did not so arise, the matter is disposed of by what has been said above.

The court taxed as costs an attorney fee for the partition. As there was a contest over the title, this cannot be sustained. *Smith v. Smith,* 132 Iowa 7,00; *Hawk v. Day,* 148 Iowa 47; *Lee v. Lee,* 150 Iowa 611; *Convey v. Murphy,* 154 Iowa 421; *Berry v. Donald,* 168 Iowa 744; *Lawley v. Keyes,* 172 Iowa 575.

5. PARTITION: costs: unallowable attorney fees.

The decree will be affirmed on the appeal of the guardian *ad litem* for the minor defendants William S. and Albert L. Todd, and modified on the appeal of Stewart, by allowing him credit for two thirds of $345.86 and interest, and with respect to the taxation of attorney fees as costs, and otherwise affirmed. Four fifths of the costs in this court will be taxed to appellants.— *Modified and affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.